**In re Wiley and Doris BRANCH, Debtors.**

**ROOSEVELT SAVINGS BANK, Plaintiff,**

v.

**Wiley and Doris BRANCH, Defendants.**

**Bankruptcy No. 880–00339.**
**Adv. No. 881–0024.**

United States Bankruptcy Court,
E. D. New York.

April 3, 1981.

Garfunkel & Hyde, Garden City, N. Y., for plaintiff.

Salzman, Ingber & Winer, New York City, for debtors.

C. ALBERT PARENTE, Bankruptcy Judge.

This is an adversary proceeding to vacate the automatic stay imposed by Section 362, 11 U.S.C. Section 362 (Supp. III 1979). The existing stay prevents the plaintiff, Roosevelt Savings Bank (hereinafter "bank"), from enforcing a state court judgment of foreclosure and sale of the debtors' residence.

The bank alleges that: (1) the debtors' plan is statutorily defective under Section 1325(a)(5) of the Bankruptcy Code in that it fails to provide for the full satisfaction over the term of the plan of its claim pursuant to a state court foreclosure judgment; and (2) the debtors have no equity in the property in question.

### FACTUAL BACKGROUND

The bank is the assignee of a first mortgage on the debtors' principal place of residence, known as 136 Cumberbach Street, North Babylon, New York. The mortgage was taken to secure a loan in the principal sum of $32,150 together with interest at 8½ percent per annum. The term was to run from January 1, 1978, to December 1, 2007. The debtors were to pay equal monthly installments of $247.33 over this period.

Since November 1, 1978, the debtors have failed to effect payment in accordance with terms of the mortgage. After exercising its right to accelerate the entire outstanding balance, the mortgagee, on May 22, 1979, commenced a foreclosure action in the Supreme Court of the State of New York, County of Suffolk. The state court granted judgment in favor of the bank and referred the matter to a Referee to compute the amount due and to determine whether the premises could be sold in separate parcels. The Referee's report set the amount due the bank as of October 27, 1979, at $31,-946.16 with interest thereon from October 16, 1979. The report further stated that the premises should be sold in one parcel.

On December 27, 1979, the state court granted final judgment of foreclosure and sale in accordance with the Referee's findings.

The debtors filed a petition under Chapter 7 of the Bankruptcy Code on January 23, 1980. The filing brought into operation the automatic stay imposed by Section 362, 11 U.S.C. Section 362 (Supp. III 1979), and prevented the completion of the scheduled foreclosure sale during the pendency of the Chapter 7 case.

On June 19, 1980, the debtors were granted a discharge of their mortgage debt. The Chapter 7 case was closed on June 30, 1980, thereby terminating the stay of the foreclosure sale. With the stay no longer in effect, the Referee appointed by the state court scheduled a sale of the encumbered premises for October 24, 1980.

On October 20, 1980, the debtors filed for relief under Chapter 13 of the Bankruptcy Code, thereby gaining a stay of the foreclosure sale once again.

The Chapter 13 plan submitted by the debtors provides that the mortgage defaults will be cured by full payment of arrears within 36 months and that current payments will be made outside the plan.

On January 7, 1981, the bank filed a proof of claim and rejection of the debtors' plan. The ground of objection to confirmation is that the plan fails to provide for payment of the entire accelerated mortgage balance over the term of the plan.

On the same day that the bank filed its proof of claim, it commenced an adversary proceeding to vacate the existing stay of the state court foreclosure sale. The adversary proceeding was heard jointly with the confirmation hearing on March 17, 1981.

### ISSUES

This case presents essentially three issues for the Court's determination: (1) Whether the bank is entitled to have the automatic stay vacated; (2) May the debtors attempt to cure the pre-acceleration mortgage defaults and reinstate the original mortgage payment schedule where prior to the filing of their Chapter 13 petition, a state court had entered a final judgment of foreclosure and sale for the entire accelerated mortgage balance; (3) Whether the proposed cure comports with the requirements of Section 1322(b)(5).

*RELIEF FROM THE AUTOMATIC STAY*

At the hearing on the adversary proceeding, it was established that the debtors have no equity in the mortgaged premises, as the amount presently due and owing to the bank under the mortgage agreement exceeds the current fair market value of the premises. The debtors offered no evidence to the contrary.

Section 362(d) of the Bankruptcy Code expressly provides that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> \*     \*     \*     \*     \*     \*
>
> (2) with respect to a stay of an action against property, if—
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization.

11 U.S.C. Section 362(d) (Supp. III 1979).

The above-cited equity test "is intended to solve the problem of real property mortgage foreclosures of property where the bankruptcy petition is filed on the eve of foreclosure." 124 Cong.Rec. H 11,092–93 (1978); S 17,409 (1978). Under this test, the bank is clearly entitled to relief from the existing stay.

Since this is a Chapter 13 case, subsection "(B)" of the test is inapplicable. *Matter of Sulzer*, 2 B.R. 630, 636, 5 B.C.D. 1314, 1317 (Bkrtcy.S.D.N.Y.1980); *see In re Youngs*, 7 B.R. 69, 3 C.B.C.2d 250 (Bkrtcy.D. Mass.1980); *cf. Matter of Feimster*, 3 B.R. 11, 1 C.B.C.2d 956 (Bkrtcy.N.D.Ga.1979) (holding Section 362(d)(2) in its entirety inapplicable in Chapter 13); *contra Matter of Zellmer*, 6 B.R. 497, 3 C.B.C.2d 42 (Bkrtcy. N.D.Ill.1980) (holding Section 362(d)(2) in its entirety applicable in Chapter 13).

Since the bank is now free to pursue state court foreclosure, the remaining issues delineated above are rendered academic. Under this Court's decision in *In re*

*Taddeo*, 9 B.R. 299 (1981), a Chapter 13 debtor is normally to be given the opportunity to attempt to cure mortgage defaults and to reinstate the original payment schedule of his mortgage. However, the debtor is not free to do so in contravention of other applicable Bankruptcy Code provisions. The Code, under Section 362(d)(2), denies debtors who have no equity interest in secured property the right to use the automatic stay to in effect suspend the secured creditor's remedies indefinitely. Thus, the debtors herein are precluded from attempting to cure their mortgage defaults.

The only debt provided for by the debtors' Chapter 13 plan is the one held by the plaintiff bank. In light of this Court's finding that the automatic stay is to be terminated, the plan submitted by the debtors is defective, and cannot be confirmed.

*CONCLUSION*

The automatic stay imposed by Section 362 is hereby vacated, and confirmation of the debtors' plan is denied.