**In the Matter of Raymond TROUTMAN and Peggy Troutman, Debtors.**

**Bankruptcy No. 180–07843–16.**

United States Bankruptcy Court,
E. D. New York.

May 22, 1981.

Salzman, Ingber & Winer, New York City, for debtors.

Robert W. Tauber, Brooklyn, N. Y., Chapter 13 Trustee.

MANUEL J. PRICE, Bankruptcy Judge.

Raymond G. and Peggy Ann Troutman, the debtors herein, filed a petition for relief under Chapter 13 of the Bankruptcy Reform Act of 1978 ("THE CODE"), 11 U.S.C. Section 1301 *et seq.*, with this court on December 19, 1980. Their plan provides for the payment in full of debts owed to three secured creditors over a period of three years. They have no unsecured debt by reason of the fact that on September 18, 1980, three months before they filed this petition, this court granted the debtors a discharge under Chapter 7 of the Code, 11 U.S.C. Section 701 *et seq.*, in a case commenced by them on January 23, 1980. In that case, they listed six unsecured creditors totaling $5,894 who received no distribution since the debtors listed no assets other than those which were exempt pursuant to Section 522 of the Code, 11 U.S.C. § 522. Their Chapter 7 petition scheduled three secured creditors: Union Mortgage Corporation which held a mortgage on their home in the amount of $32,000; Beneficial Finance Company and the Long Island Bank to which they owed $2,899 and $727 respectively and which held security interests in their automobile. The Chapter 7 trustee abandoned his interest in their home and automobile since the debtors had no equity in either property. By order of this court, dated December 8, 1980, the debtors' reaffirmation of their secured debt to Beneficial Finance Company in the amount of $2,899 was approved.

The only creditors scheduled in the debtors' Chapter 13 petition are the identical secured creditors previously scheduled in the debtors' Chapter 7 petition. In this case, Union Mortgage Corporation is listed as a secured creditor to which they owe $10,107.44 on account of twenty-eight months' arrears on their home mortgage plus late charges and attorneys' fees in connection therewith, together with the balance of the face amount of the mortgage of $31,410.38. The debtors' petition indicates that their home is involved in a foreclosure

proceeding by reason of the arrears. Their response to question number 9(a) in their Chapter 13 Statement regarding foreclosure proceedings states: "... Foreclosure sale for December 22, 1980 ...." Beneficial Finance Company and the Long Island Bank are scheduled as secured creditors in the sum of $2,300 and $600 respectively. Neither of these creditors has either filed a proof of claim or an objection to the confirmation of the debtors' plan.

The debtors are both employed by the New York City Department of Social Services, Mr. Troutman as a Social Worker. Mrs. Troutman is an Office Associate. Their combined monthly income totals $1,496.77. This amount includes $200 per month they receive on account of a rental contribution from one of their two sons. Their monthly expenses total $976. Of that amount, $839 has been allocated for their mortgage payment, utility and food bills. Their monthly income exceeds their expenses by $520. The debtors own a home which they value at $45,000. It is subject to a mortgage held by the Union Mortgage Corporation in the amount of $31,410.38 plus over $10,000 in arrears. Their automobile, a 1974 Dodge van, is valued at $2,000. They own no property over and above the exemptions claimed and allowed by the Code. Under their plan they proposed to pay the trustee $397.44 per month for 36 months. Such a plan will result in 100% payment to their secured creditors, without interest, over the life of the plan.

Recently, in *In re Stein, et al.*, No. 180–04278 (E.D.N.Y. April 20, 1981), this court denied confirmation of several debtors' plans which provided for nominal payments to unsecured creditors on the ground that they were not proposed in good faith as required by Section 1325(a)(3) of the Code, 11 U.S.C. § 1325(a)(3), since they did not comply with the legislative purpose behind the chapter, namely, to enable debtors to repay their debts over an extended period. The majority of bankruptcy courts throughout the country have also denied confirmation of such plans on similar grounds. *See e. g. In re Cook*, 3 B.R. 480 (Bkrtcy.S.D.W. Va.1980), *In re Heard*, 6 B.R. 876 (Bkrtcy.

W.D.Ky.1980), *In re Aalto*, 8 B.R. 157 (Bkrtcy.M.D.Fla.1981). Here, the debtors are attempting to accomplish in two proceedings what they could not accomplish in one. They have used Chapter 7 to discharge their unsecured debts and now seek to use Chapter 13 to deal with their secured creditors. Had they combined the two proceedings into one under Chapter 13, confirmation would have been denied since their plan would have offered no payments to unsecured creditors. This case is strikingly similar to the case of *In re Diego*, 6 B.R. 468 (Bkrtcy.N.D.Cal.1980). There, the debtors received a discharge under Chapter 7 several months prior to filing a petition for relief under Chapter 13. In the Chapter 7 proceeding, no distribution was made to general unsecured creditors whose debts were discharged. The only debts to be paid under their Chapter 13 plan, $3,764.47 in priority tax claims, had previously been scheduled in their Chapter 7 petition but were not discharged by virtue of Section 523(a)(1), 11 U.S.C. § 523(a)(1). The court denied confirmation on the ground that the Chapter 13 petition, considered in conjunction with their recent Chapter 7 petition, amounted to a Chapter 13 petition which provided for no payment to unsecured creditors and was therefore not proposed in good faith as required by Section 1325(a)(3). It said: "The combined petitions for all practical purposes constitute use of the bankruptcy remedies, Chapter 7 and Chapter 13, to accomplish by indirection what cannot be accomplished directly, namely, the proposal and confirmation of a Chapter 13 Plan proposing to pay nothing to general unsecured creditors." *Id.*, at p. 469.

I must construe the Chapter 7 and Chapter 13 petitions filed by the debtors in the case at bar in this light. What they are seeking to do is to pay their unsecured creditors nothing while paying off their secured claims over the life of the plan. Confirmation is denied and the case is dismissed.

IT IS SO ORDERED.