Francis J. Grady, Waterbury, Conn., for Olin Federal Credit Union.

Francis X. Dineen, New Haven, Conn., for debtor.

Daniel Meister, Norwalk, Conn., Trustee.

## MEMORANDUM AND ORDER

### MOTION TO DISMISS CASE

ALAN H. W. SHIFF, Bankruptcy Judge.

This matter comes before the court on the motion of the Olin Federal Credit Union (Olin) to dismiss the debtor's Chapter 13 case on the ground that the debtor's petition was not filed in good faith.

### I

### BACKGROUND AND FINDINGS

On February 5, 1981, the debtor filed a voluntary petition under Chapter 7 of 11 U.S.C. In the course of that case, a controversy arose involving Olin's interest in the debtor's automobile. On March 5, 1981 Olin filed a complaint to reclaim the debtor's automobile (Adversary No. 205–5–81–0084) which was ultimately dismissed as moot on July 21, 1981 because a discharge in the Chapter 7 case had been entered on May 14, 1981. Olin also filed a complaint for relief from the automatic stay on April 29, 1981 to reclaim possession of the automobile (Adversary No. 205–5–81–0155). The debtor filed a counterclaim seeking, *inter alia*, determination of the allowed value of the automobile, installment redemption pursuant to 11 U.S.C. § 722 and damages for various alleged violations of the truth-in-lending laws. On July 30, 1981, the court dismissed that complaint and abstained from hearing the truth-in-lending counterclaims. The court further stated that installment redemption of Olin's claim would

not be permitted under Code § 722. Thereupon on June 15, 1981, the debtor filed a Chapter 13 petition. The only claims listed in the debtor's Chapter 13 statement were Olin's claim of $5,369.58 ($3,370.00 admitted by the debtor) and a $91.00 unsecured claim of the Southern New England Telephone Company. The Chapter 7 case has not yet been closed.

### II

### ISSUES

The following questions are presented:

a) May a Chapter 13 case be dismissed because the petition was not filed in good faith?

b) Assuming that there is authority to dismiss a Chapter 13 case before the confirmation hearing for lack of good faith, does either the fact that the debtor filed her Chapter 13 petition after her Chapter 7 discharge or that the Chapter 7 case was still open when the debtor filed her Chapter 13 petition justify dismissal?

### III

### DISCUSSION

#### a.

■ The debtor objects to Olin's motion to dismiss on the basis that a debtor's good faith is not a prerequisite to filing a petition under Chapter 13. The debtor contends that good faith is only a proper issue at the Chapter 13 confirmation hearing. In support of that position, the debtor asserts that good faith is relevant to 11 U.S.C. § 1307(c), which governs dismissal, only insofar as it relates to denial of confirmation of a plan.[1] In addition, the debtor relies on

---

1. 11 U.S.C. § 1307(c)

   [O]n request of a party in interest and after notice and a hearing, the court may convert a case under this chapter . . . or may dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, including—
   (1) unreasonable delay by the debtor that is prejudicial to creditors;
   (2) nonpayment of any fees and charges required under Chapter 123 of title 28;

   (3) failure to file a plan timely under section 1321 of this title;
   (4) denial of confirmation of a plan under section 1325 of this title and denial of additional time for filing another plan or a modification of a plan;
   (5) material default by the debtor with respect to a term of a confirmed plan;
   (6) revocation of the order of confirmation under section 1330 of this title, and denial of

*In re Bonder* in which the court noted that to determine whether there is "cause" for dismissing the Chapter 13 case pursuant to 11 U.S.C. § 1307(c) "the court must look to Bankruptcy Code section 1325(a) and determine whether the court must confirm the debtor's Chapter 13 plan." 3 B.R. 623, 626, 6 B.C.D. 257, 259 (Bkrtcy.E.D.N.Y.1980).

The causes for dismissal pursuant to 11 U.S.C. § 1307, however, are inclusive not exclusive. See 11 U.S.C. § 102(3), which provides " 'includes' and 'including' are not limiting". *Matter of Vlahakis*, 11 B.R. 751, 753 (Bkrtcy.M.D.Ga.1981); *In re Ratmansky*, 7 B.R. 829, 833 (Bkrtcy.E.D.Pa.1980). Clearly, if the filing of a petition involves a blatant abuse of judicial process, the court need not wait until the confirmation hearing to provide a remedy. *See Matter of Vlahakis, supra.* The authority for dismissal prior to the confirmation hearing lies not only in 11 U.S.C. § 1307 but also in the inherent powers of the court provided by 11 U.S.C. § 105 [2] and 28 U.S.C. § 1481.[3] *See also In re Whitten*, 11 B.R. 333, 340, 7 B.C.D. 902, 906 (Bkrtcy.D.D.C.1981) (stating in the context of a Bankruptcy Rule 220 hearing that "this Court will not sanction the filing of a Chapter 13 petition . . . where the only function to be served is the buying of time".) The viability of the proposed plan nevertheless must be considered an important factor in determining whether or not the petition was filed in good faith. *See In re Bonder, supra; In re Whitten, supra.*

Thus, although I disagree with the debtor's contention that the debtor's good faith may not be evaluated prior to the confirmation hearing, I conclude that dismissal of a petition for lack of good faith prior to consideration of the plan should be ordered only under extraordinary circumstances.

b.

▮ Olin bases its first claim of bad faith on the fact that the debtor's Chapter 7 case was still pending when she filed her Chapter 13 petition. Based on the Chapter 7 trustee's representation, the court finds that the Chapter 7 case remained open only because of the steady flow of pleadings regarding the debtor's automobile. While the debtor's action of filing the Chapter 13 petition when the Chapter 7 case was still open is not to be viewed as a model for emulation, it does not require dismissal of this case. *Cf.* 11 U.S.C. § 706 (providing for the conversion of a Chapter 7 to a Chapter 13 case).

Olin bases its second claim of bad faith on the fact that the Chapter 13 filing follows the debtor's discharge under Chapter 7. Although the serial filing of a Chapter 7 and a Chapter 13 case may raise questions of good faith under 11 U.S.C. § 1325(a)(3),[4] it does not warrant the immediate dismissal of the Chapter 13 case. Olin's reliance on *In re Whitten, supra* is misplaced. In *Whitten*, which did not involve a creditor's motion to dismiss the case, the court found that the debtor's sole purpose in filing under Chapter 13 was to forestall foreclosure indefinitely. In the instant case, the debtor not only hopes to prevent repossession of her automobile, but also seeks to satisfy her indebtedness under the applicable Code provisions. Olin has not challenged the debtor's financial ability to fund her Chapter 13 plan. Moreover, there is no legal authority for Olin's contention that the Chapter 7 discharge extinguished all of the debtor's interest in the automobile. *Cf. In re Branch*, 10 B.R. 227, 7 B.C.D. 540 (Bkrtcy.E.

confirmation of a modified plan under section 1329 of this title; and

(7) termination of a confirmed plan by reason of the occurrence of a condition specified in the plan.

**2.** 11 U.S.C. § 105(a)

The bankruptcy court may issue any order, process or judgment that is appropriate to carry out the provisions of this title.

**3.** 28 U.S.C. § 1481

A bankruptcy court shall have the powers of a court of equity, law and admiralty . . .

**4.** *See e.g., Matter of Troutman*, 11 B.R. 108, 7 B.C.D. 947 (Bkrtcy.E.D.N.Y.1981); *In re Sardella*, 8 B.R. 401 (Bkrtcy.S.D.Ohio, 1981); *In re Diego*, 6 B.R. 468 (Bkrtcy.N.D.Cal.1980); *see also In re Anderson*, 3 B.R. 160, 6 B.C.D. 73 (Bkrtcy.S.D.Cal.1980).

D.N.Y.1981).[5] The question of good faith raised by the debtor's serial filings is better reserved until consideration of the plan.[6]

## CONCLUSION AND ORDER

In summary and conclusion, Olin has not demonstrated the extraordinary circumstances which would justify the dismissal of a Chapter 13 petition for lack of good faith prior to the confirmation hearing.

Accordingly, IT IS ORDERED, that Olin's Motion to Dismiss the case is denied.

United States Bankruptcy Court, District of Columbia.

---

**5.** In *Branch*, which Olin claims exactly matches the instant case, the debtors had already received a discharge of their mortgage debt under Chapter 7 when they filed their Chapter 13 petition to cure the default on their mortgage. The court did not address the issue of the debtors' good faith. Rather, the court denied confirmation after the mortgagee, who held the claim for the only debt provided for by the debtors' plan, was granted relief from the automatic stay to continue its state court foreclosure action. The court granted relief from the automatic stay pursuant to 11 U.S.C. § 362(d) because the debtors had no equity in the mortgaged premises.

**6.** During oral argument Olin claimed that its relationship with the debtor had ended at the time of the Chapter 7 discharge. This claim prompted the debtor in her brief to argue that Olin had lost its security interest in the automobile. Putting aside the questionable merits of the claims by both parties, their arguments are not responsive to the motion to dismiss and will not be discussed further in this opinion.