**In re Gerald Joseph TAUSCHER, Debtor.**

**Bankruptcy No. 82–00057.**

United States Bankruptcy Court, E.D. Wisconsin.

Dec. 28, 1982.

James F. Pressentin, Green Bay, Wis., for debtor.

Phyllis B. Dolinko, Dept. of Labor, Chicago, Ill., for Secretary of Labor.

## MEMORANDUM DECISION

D.E. IHLENFELDT, Bankruptcy Judge.

Confirmation of Gerald Tauscher's chapter 13 plan has been objected to by the U.S. Department of Labor (Department), its principal contention being that the debtor's plan has not been proposed in good faith. S. 1325(a)(3), Bankruptcy Code. Its objection was the subject of an evidentiary hearing at which testimony was given by Tauscher, his wife, and the trustee in Tauscher's earlier chapter 7 case. This memorandum supplements an oral decision made by the court at the conclusion of the hearing, wherein the court indicated that it would dismiss the Department's objections and confirm the plan.

Tauscher had filed an earlier chapter 13 case on April 23, 1980. At that time, however, his debts exceeded the jurisdictional amounts set out in s. 109(e) of the Code, and so the case was converted first to chapter 11, and then to a case under chapter 7. Tauscher received a discharge in that case, but the trustee has not concluded his administration of the bankruptcy estate and so the case has not yet been closed.

Tauscher has now filed a new petition under chapter 13 listing only two creditors—the U.S. Department of Labor in the amount of $3100 and Long Mfg. Co., Inc. in the amount of $33,000. Both of these debts were excepted from the discharge entered in the previous chapter 7 case, the Department's claim being for penalties, *In re Tauscher,* 7 BCD 124, 3 CBC2d 536, 7 B.R. 918 (Bkrtcy.E.D.Wis.1981), and the other claim being based upon the alleged conversion of proceeds from the sale of secured property. In his plan, Tauscher proposes to pay $50 a month for 60 months, a total of $3000. Allowing for the trustee's administrative charges, this will result in a dividend of approximately 7½% to these creditors, with the Department receiving approximately $231.86 on its $3100 claim.

■ Over the years, there has been a truism in bankruptcy circles that a debtor cannot have two bankruptcy cases pending at the same time, and the court was itself concerned with the fact that Tauscher's present chapter 13 petition was filed prior to the closing of the earlier chapter 7 case. Aside from the questions of good faith or possibly abuse of process, however, the court has been unable to conceive of any legal or practical reason, and none has been suggested to it, as to why he should be barred from so filing. Under the Bankruptcy Act of 1898 (ss. 656(a)(3) and 14(c)(5)), his recent bankruptcy discharge would have barred him from obtaining confirmation of this composition plan, but that is not the case under the new Bankruptcy Code. See s. 1325.

Tauscher is in no wise involved in the preceding chapter 7 case anymore. That chapter 7 bankruptcy estate, as to which the trustee is attempting to sort out conflicting security interests of creditors, is totally distinct and separate from the estate in this chapter 13 case. As a matter of fact, most of the property Tauscher received by way of exemptions in the chapter 7 case is no longer in his possession. He was essentially a dairy farmer[1], and his farm, equipment and cattle were foreclosed upon or repossessed and sold at auction prior to the filing of this chapter 13 case. If the two cases presented a conflict in the administration of assets or in some other respect[2], no doubt the problem would have to be resolved, possibly with the aid of Bankruptcy Rule 117 which deals with situations of that kind. Tauscher, however, has only the clothes on his back and a few items of household furniture of little value, all of which were set aside as exempt in the earlier chapter 7 case. He has no other possessions of any kind. The chapter 7 trustee of course has no claim to such income as Tauscher is now receiving, which will be used to fund his plan.

Tauscher's present circumstances are as follows. He has nine children, seven of whom are under the age of 18. The youngest is two or three years old, and the oldest is a son who had been working outside the home but who is presently unemployed and unable to contribute to the support of the family. His oldest daughter, a junior in high school 17 years of age, is a diabetic who takes insulin twice a day and because of cataracts, must wear contact lenses with a pair of glasses as well. The principal reason that Tauscher lost the farm was an injury in which he sustained a broken leg and hip and was laid up for a year. His condition is still very painful, and on some days he is unable to do much work.

The bank that foreclosed the mortgage on Tauscher's farm now leases it to an individual, not related to the Tauschers, who has placed cattle on the farm and hired Tauscher and his family to take care of them. Mrs. Tauscher milks the cows and the entire family helps out with the chores. For all of this, Tauscher receives a place to live and take home pay of $280 a month. The family has no bank accounts or savings of any kind.

The Department contends that the doctrine of *res judicata* bars the debtor from relitigating the dischargeability of its claim, and that the plan is not in good faith, in that it provides for payment of only about 7% over a five year period. At the hearing, the Department made the further arguments that the plan is not feasible, in that Tauscher's budgeted living expenses exceed the amount of his income, and finally that a debt due a governmental unit for a fine or penalty, such as the Department's claim, should be classified separately and given

---

1. To a limited extent, Tauscher was also engaged in making "feeder bunks" and selling farm implements.

2. In *Freshman v. Atkins,* 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925), the Court noted that the pendency of a hearing on the issuance of a discharge precluded consideration of a discharge of the same debts in a second bankruptcy case. *Compare In re Gochenour,* 64 F.2d 500 (2d Cir.1933), *In re Wagy & Co.,* 22 F.2d 9 (9th Cir.1927), and *In re Lachenmaier,* 203 Fed. 32 (7th Cir.1913) wherein the pendency of involuntary bankruptcy cases did not deprive the courts of jurisdiction to receive and consider voluntary petitions.

enhanced treatment over other claims, in that it is in the public interest to see that debtors do not violate the laws with impunity.

On paper, the Department's argument that the plan is not feasible is correct. Tauscher's budgeted living expenses are substantially greater than his income. In addition, however, Tauscher points out that he receives a housing allowance, medical care for his children under the age of 18, and food stamps, and that there are ways of stretching out income on a farm. An interesting and unusual feature of this case is that the two listed creditors stand to lose nothing if the plan proves to be unfeasible. Their claim, being nondischargeable in a chapter 7 case, can only be discharged in this chapter 13 case under s. 1328(a), which section is operative only if Tauscher fully completes the plan. In brief, if Tauscher completes the plan, he will have demonstrated *ipso facto* that it is feasible, whereas if he fails, the two creditors will be in no worse position than before, and in fact will have improved their position to the extent of any payments made under the plan. At the time of the hearing, Tauscher had already made four payments, and he asserted that one way or another, he would make the payments required to complete the plan. The court believes that he should be given the opportunity to try.

■ The Department's *res judicata* argument is not sustainable. Its claim as well as that of Long Mfg. Co., although not dischargeable in a chapter 7 case, can be discharged under s. 1328(a). *In re DeSimone,* 9 BCD 987 (E.D.Pa.1982). Its suggestion that its claim be accorded a separate classification and favored treatment over that of Long Mfg. Co. conflicts with s. 1322(b)(1) which prohibits unfair discrimination against any class. The fact that both claims are nondischargeable may not in and of itself necessarily require that they be treated the same, but the reasoning offered by the Department does not appear to justify disparate treatment.

■■ The Department questions whether Tauscher's plan is offered in good faith.

Evaluation of good faith under s. 1325(a)(3) in chapter 13 cases requires the court, on a case by case basis, to examine in detail the debtor's entire circumstances and all aspects of his case. *In re Rimgale,* 669 F.2d 426 (7th Cir.1982). The successive filings, *In re Robinson,* 6 CBC2d 251, 18 B.R. 891, 8 BCD 1132 (Bkrtcy.Conn.1982); *In re Sanchez,* 20 B.R. 431 (Bkrtcy.W.D.Tex.1982), and the fact that Tauscher's plan offers less than full payment to his two remaining creditors, whose claims would be nondischargeable in a chapter 7 case, are certainly factors to be considered, *In re Rimgale, supra,* but they do not *per se* bar confirmation. *In re Tramonto,* 23 B.R. 464, 9 BCD 861 (Bkrtcy.W.D.N.Y.1982); *In re Vratanina,* 22 B.R. 453, 9 BCD 614 (Bkrtcy.N.D.Ill. 1982). This chapter 13 case was filed nearly two years after the filing of the earlier case, and the court is satisfied that the successive filings do not represent an attempt on the part of Tauscher to manipulate the rehabilitative provisions of the Code. Aside from the requirement that creditors get not less than they would in a chapter 7 liquidation case, s. 1325(a)(4), Congress did not set any minimum level of repayment that a debtor must propose in order to qualify for chapter 13 relief. *In re Rimgale, supra.* While failure to provide substantial repayment is certainly evidence that a debtor may be attempting to abuse the provisions, purposes or spirit of chapter 13, it is only one of a number of elements to be considered. *In re Deans,* 692 F.2d 968, 9 BCD 994 (4th Cir.1982); *In re Barnes,* 4 CBC2d 1510, 7 BCD 961, 13 B.R. 997, (D.D. C.1981); *In re Raikes,* 22 B.R. 837 (Bkrtcy. N.J.1982).

The Department has cited *In re Meltzer,* 11 B.R. 624 (Bkrtcy.E.D.N.Y.1981) as a case somewhat comparable to Tauscher's, wherein confirmation was rejected. It is not possible to fully evaluate Meltzer's proposal without knowing all of the facts or observing Meltzer himself, but Meltzer's situation as reported in that case seems quite different from that of Tauscher in a number of important respects. For example, Meltzer had an income in excess of $20,000 per year,

and had no dependents, although he stated he was sending his wife, from whom he was separated, $144 a month for her support. Meltzer proposed to pay $75 per month for a period of three years.

 Tauscher's situation is vastly different. There is no suggestion that Tauscher has in any way attempted to mislead the court regarding his income, assets or living expenses. Considering his financial situation, his employment history and prospects, his personal disability and the exceptional problems he is facing, the payment of $50 a month for five years (the maximum period allowed, s. 1322(c)) will take close to a superhuman effort on his part. He, together with his family, will be scraping and scraping hard to make all of those payments.[3]

Tauscher has fallen upon hard times, partly as a result of his own actions, but in the court's opinion, to a greater extent through events beyond his control. His plan now offers repayment to his remaining two creditors to the maximum extent that is possible for him and his family. The salutary rehabilitative provisions of the Bankruptcy Reform Act of 1978 are to be construed liberally in favor of the debtor. *In re Kull,* 5 CBC2d 600, 12 B.R. 654 (S.D. Ga.1981). The court believes that under all of the circumstances, this case satisfies the purposes and spirit of chapter 13, and good faith requirements of s. 1325(a)(3) as intended by Congress, and that Tauscher should be given the fresh start that chapter 13 is intended to provide.

---

**3.** Tauscher has a suit pending to recover for his leg and hip injuries. His chances of recovering seem quite remote. He has agreed, as a condi-

tion of confirmation, that in the event there should be any recovery, the case can be reopened for possible modification of the plan.