**In re Ruffin BUMPASS and Evelyn Bumpass, Debtors.**

**Bankruptcy No. 83 B 20042.**

United States Bankruptcy Court, S.D. New York.

April 1, 1983.

Horwitz & Associates, P.C., New York City, for debtors; Kenneth Silverman, New York City, of counsel.

Philip Irwin Aaron, P.C., Jericho, N.Y., for Ralph C. Sutro Co.

## DECISION ON MOTION FOR ORDER DISMISSING OR CONVERTING CASE.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

A mortgagee in this Chapter 13 case seeks to dismiss a second Chapter 13 petition for lack of good faith because the automatic stay imposed in this second case was previously lifted in an earlier Chapter 7 case. The mortgagee objects to the imposition of the automatic stay for a second time on the ground of res judicata, although deja vu more appropriately describes this scenario, especially since the Chapter 7 case is still pending. The debtors had previously filed a Chapter 13 case on March 23, 1982, in order to thwart the mortgagee's pending foreclosure action, and thereafter, on October 12, 1982, consented to a conversion of the case to liquidation under Chapter 7 of the Bankruptcy Code. The mortgagee obtained relief from the automatic stay on November 15, 1982, without any opposition, after the conversion to Chapter 7. The debtors received their discharge in the Chapter 7 case on January 13, 1983, before the mortgagee was able to complete its foreclosure sale scheduled for January 27, 1983. The debtors then commenced their second Chapter 13 case on January 26, 1983, again automatically staying the mortgagee's foreclosure sale that was to be held the next day.

The debtors maintain that the second Chapter 13 case was filed in good faith as a result of changed circumstances; their earnings have increased and they are now able to fund a plan that will provide for all mortgage arrears, late charges, and legal fees due, together with interest at the rate of eight per cent per annum. Additionally, the debtors point out that the first Chapter 13 plan covered a repayment period of sixty months, whereas the second Chapter 13 plan calls for repayments over a period of thirty-six months. The debtors also observe that the pending Chapter 7 case is still open only because the trustee has not yet filed a final report and that the debtors should not be penalized for conduct beyond their control.

## DISCUSSION

Code § 706(a) provides that a debtor may convert a case under Chapter 7 to a case under Chapter 13 at any time "if the case has not been converted under section . . . 1307 of this title." The debtors' Chapter 7 case arose out of a conversion under Code § 1307 in their first Chapter 13 case. Therefore, the debtors could not employ Code § 706(a) to reconvert their Chap-

ter 7 case back to a Chapter 13. Thus, a second Chapter 13 petition was filed. The fact that the debtors have a Chapter 7 case pending in this court does not per se bar the debtors from filing a separate Chapter 13 case, provided that the debtors qualify for relief under Chapter 13. *In re Robinson,* 18 B.R. 891 (Bkrtcy.Conn.1982); *In re Tauscher,* 9 B.C.D. 1425, 26 B.R. 99 (Bkrtcy.E.D. Wis.1982). In the *Robinson* case, Judge Shiff held that a debtor could file her Chapter 13 petition immediately after her Chapter 7 discharge and while the Chapter 7 case was still open. He opined that such conduct did not warrant the immediate dismissal of the Chapter 13 case, although the debtor's good faith could be questioned at the hearing on confirmation of the plan.

The point that the mortgagee emphasizes in this case is that the debtors have already had the benefit of the automatic stay in their first Chapter 13 case and that while they attempted to effect a rehabilitation under Chapter 13, they were unable to succeed. Unlike the situation in *In re Roderick,* 20 B.R. 485 (Bkrtcy.R.I.1982), where the debtor filed two successive Chapter 13 cases and failed to attend scheduled hearings, these debtors attended the Code § 341(a) meeting of creditors in their first Chapter 13 case and attended all subsequently scheduled court appearances in that case. However, the debtors' good intentions in their first Chapter 13 case are not disputed. What is questioned is their right to reinvoke the automatic stay in the second Chapter 13 case after the stay was already lifted in favor of this mortgagee in the Chapter 7 case.

In the case of *In re Bystrek,* 17 B.R. 894 (Bkrtcy.E.D.Pa.1982) an order was granted lifting the automatic stay in a Chapter 13 case that was filed on the eve of a mortgage foreclosure sale. The Chapter 13 case was thereafter dismissed. The debtor then filed a second Chapter 13 case, seeking to stay the rescheduled foreclosure sale. The court held that the lifting of the stay in the first case was res judicata as to the mortgagee's right to foreclose. In the *Roderick* case, supra, the court dismissed a second Chapter 13 case that had been filed under

similar circumstances. However, in the instant case, the automatic stay was not lifted during the first Chapter 13 case; relief was granted without opposition during the Chapter 7 case. In a Chapter 13 case, the debtor is motivated to resist the lifting of the stay in order to effect a plan of rehabilitation. The mortgagee is usually put to the proof of establishing the requisite grounds for relief from the stay pursuant to Code § 362(d). The trustee in a Chapter 7 case is not interested in opposing a mortgagee's right to foreclose on the debtor's home when there is no equity for the estate after the application of the debtor's homestead exemption. A trustee's goal in a Chapter 7 case is to collect the assets of the estate for liquidation and distribution to the creditors. It is understandable, therefore, that the mortgagee's request for relief from the stay was not opposed in the Chapter 7 case. Indeed, had the mortgagee not sought relief from the automatic stay in the Chapter 7 case, the stay nevertheless would have terminated anyway as a matter of law pursuant to Code § 362(c)(2)(C) when the debtors were granted their discharge. Therefore, the lifting of the automatic stay during the Chapter 7 case vis a vis the Chapter 7 trustee, is not res judicata as against the debtor in a subsequent Chapter 13 case.

When an automatic stay is vacated in a Chapter 7 case, and, after receiving his discharge, the debtor thereafter files a Chapter 13 petition in order to gain another stay of a mortgage foreclosure action against the debtor's home, it has been held that the mortgagee must establish its right to relief from the newly imposed stay before it may proceed with the foreclosure action. *In re Branch,* 10 B.R. 227 (Bkrtcy.E.D.N.Y.1981). The mortgagee in the instant case attempted to avoid this procedural requirement by moving to dismiss the Chapter 13 case for lack of good faith. The debtors dispute this charge and contend that their financial circumstances have changed for the better and that they are now able to effect a successful rehabilitation under Chapter 13. This is an issue that should be decided after a hearing on confirmation of the plan and not

at this stage in the case. See *In re Robin-son,* supra. The mortgagee need not wait until confirmation and may, if it chooses, file a complaint for relief from the stay in accordance with Bankruptcy Rule 701(6). However, the mortgagee's motion to dismiss the Chapter 13 case for lack of good faith is denied.

SUBMIT ORDER ON NOTICE.