**In the Matter of Cleveland HILL and Betty J. Hill, Debtors.**

**Bankruptcy No. 83–1329.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 22, 1983.

Frank L. Natter, Clearwater, Fla., for debtors.

Chris C. Larimore, Bradenton, Fla., trustee.

### ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 13 case and the matter under consideration is a Motion to Dismiss the Chapter 13 case, or in the alternative, to Reinstate or Reopen an Adversary Proceeding. The Motion was filed by United Companies Financial Corporation (United), a secured creditor of the above-named Debtors. The facts germane and relevant to the resolution of the controversy raised by the Motion are basically without dispute and can be summarized as follows:

On June 16, 1983, the Debtor filed a Petition for Relief under Chapter 13 of the Bankruptcy Code. Shortly thereafter, United, who holds a valid first mortgage on the residence of the Debtor filed a complaint and sought a modification of the automatic stay, or in the alternative, to remove a then pending foreclosure proceeding to the Bankruptcy Court in order to complete the foreclosure action. Just prior to the final evidentiary hearing on the complaint, the Debtors filed a voluntary motion to dismiss the Chapter 13 case. Thereafter, United, the holder of the mortgage and the

movant, resumed the foreclosure action which was then pending in the state court. After extensive preliminary skirmishes resulting from various and diverse motions filed by the Debtors, the action finally proceeded to trial and United obtained a final judgment which held its mortgage to be a valid mortgage, dismissed the counterclaim interposed by the Debtor, determined the amount of indebtedness due and owing, and directed that the property subject the mortgage to be sold. In due course, the sale was scheduled to be conducted on June 27, 1983 and two hours before the scheduled sale of the property, the Debtors filed their second Petition for Relief. Because of the filing of the second Chapter 13, the sale was cancelled.

Although there is a Motion for Rehearing pending in the state court which challenges the validity of the final judgment on the ground that the amount found to be due is not supported by evidence to the extent of some $79, it is clear that the liability secured by the mortgage lien on the property of the Debtors has been determined, albeit, possibly subject to some minor adjustment. There is no longer any serious contention by the Debtors that the mortgage lien claimed by the creditor is not a valid encumberance on the subject property.

It is the contention of the moving party that the sole purpose of this Chapter 13 is to frustrate a secured creditor for the second time in its attempt to enforce its valid contractual right to seek satisfaction and that the current Chapter 13 serves no legitimate purpose envisioned by Congress, that is, to permit an individual debtor to provide for adjustment of a debt of an individual debtor with regular income.

■ It is the contention of the Debtors that their aim to save their home is a legitimate purpose; that even though a final judgment has been entered in the state court, the Debtor still have a right to reinstate that mortgage and cure the arrearages under the applicable provision of the Code, § 1325(b), and should be given an opportunity to do so under the relief provisions of this Chapter. It should be pointed

out at the outset, that it is now well established that in an ordinary Chapter 13 case, despite the fact that the Debtor suffered a final judgment in a foreclosure action, the mortgage is still a redeemable item and the Debtor, under ordinary circumstances, should be permitted to cure arrearages any time prior to the sale, or under the applicable local law, before the redemption time commenced to run. *United Companies Financial Corp. v. Brantley,* 6 B.R. 178 (Bkrtcy.N.D.Fla.1980); *City of Miami Beach v. W.J. Smith,* 551 F.2d 1370 (5th Cir.1977).

■ Thus, theoretically the Debtors ordinarily would be entitled to use the benefits of this Chapter and cure the arrearages in a reasonable time and reinstate the mortgage obligation. This, however, is not the case. It is quite evident that the first Chapter 13 case might have been filed for a legitimate purpose; not only to save the home, but also to provide for adjustment of the debts of the Debtors. It appears, although it is not established, that the Debtors did, in fact, after the dismissal of the case, satisfy all their obligations. Thus, the purpose of the second filing is solely for the purpose of frustrating the right of this secured creditor to enforce the mortgage. This being the case this Court is satisfied that this case represents a classic type of abusive filing for a purpose not designed by Congress.

Therefore, the case was not filed in good faith and under the applicable principles governing filing of cases which clearly warrants a conclusion that no plan can be confirmed since it was not proposed in good faith under § 1325. *See, In re Victory Construction Co.,* 9 B.R. 549 (Bkrtcy.C.D.Cal. 1981); *In re Brown,* 7 B.R. 23 (Bkrtcy.C.D. Cal.1980); *In re Troutman,* 11 B.R. 108 (Bkrtcy.E.D.N.Y.1981). For this reason, it is proper to dismiss this case on the ground that it was deemed to be and is an abusive filing.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Chapter 13 case filed by Cleveland Hill, Jr. and Betty S. Hill on June

29, 1983 be, and the same hereby is, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that Chris C. Larimore, the trustee heretofore appointed be, and the same hereby is, discharged and relieved of any further duties. It is further

ORDERED, ADJUDGED AND DECREED that the Clerk of the Court be, and the same hereby is, directed to give notice to all creditors of the entry of this Order.