In re Concepcion M. CARSON a/k/a Connie M. Carson, Debtor.

Concepcion M. CARSON a/k/a Connie M. Carson, Appellant,

v.

FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF MT. OLIVER and Donald R. Calaiaro, Trustee, Appellees.

Civ. A. No. 83–1354.

United States District Court, W.D. Pennsylvania.

Aug. 26, 1983.

---

Gilbert S. Merritt, Pittsburgh, Pa., for appellee, First Federal Savings and Loan Ass'n of Mt. Oliver.

Donald R. Calaiaro, Pittsburgh, Pa., Trustee.

## MEMORANDUM OPINION

BLOCH, District Judge.

Appellant Concepcion M. Carson appeals from two United States Bankruptcy Court orders entered on March 16, 1983. The first order denies appellant's motion for continuance of her Chapter 13 confirmation hearing. The second order converts appellant's Chapter 13 bankruptcy to a proceeding under Chapter 7. Appellant claims that the orders were entered in contravention of 11 U.S.C. § 1325 and § 1307 and in violation of her constitutional right to due process. The Application of Trustee to Intervene and Require Debtor to Post Supersedeas Bond filed on July 18, 1983, and Appellant's Motion for Stay Pending Appeal filed on July 28, 1983, are also pending. Based upon a review of the record, this Court will af-firm the Bankruptcy Court. The issues raised by the two motions filed subsequent to the appeal will thereby be rendered moot.

Appellant originally filed a voluntary bankruptcy petition under Chapter 7 on January 4, 1982. On March 23, 1982, appellant filed a petition to convert her case to a Chapter 13 bankruptcy, which was granted by Order of Court dated March 25, 1982. The plan of payment attached to the appellant's Chapter 13 bankruptcy provides that "[t]he debtor shall pay 100% of the mortgage arrearage to First Federal Savings and Loan Association of Mt. Oliver, in addition to her regular mortgage each month." [1] [A 10].[2] This statement was sworn and subscribed to by the appellant on March 18, 1982. As of February 14, 1983, the date of the first meeting of creditors, the debtor had made no payments to mortgagor First Federal Savings and Loan Association of Mt. Oliver (hereinafter referred to as "First Federal"). On January 20, 1983, First Federal filed a petition to convert the proceedings from Chapter 13 to Chapter 7, to which the appellant filed objections.

A first meeting of creditors was then scheduled on February 14, 1983. Appellant appeared and requested a continuance, alleging the need to revise the original plan to reflect her changed financial circumstances. The trustee denied the continuance and advised the appellant to prepare an interim plan providing for regular monthly payments pending her divorce settlement. The trustee warned appellant that if she did not submit and adhere to an interim payment plan by February 24, 1983, he would petition for conversion of her case to a Chapter 7 proceeding. [FCM 15, 16]. Though appellant's counsel stated an interim plan could be prepared within ten days, appellant protested to the contrary. [FCM 16].

---

1. The plan included a request by the appellant that the trustee "secure the monies for the mortgage which are in the hands of the attorney for the husband, Mr. Henry Ray." [A 10]. By this simple ploy, the appellant apparently hoped to place the onus of litigating her hard-fought divorce upon the trustee. According to the appellant, she had been involved in Family Court with these problems for seven years as of February 24, 1983. [2 CMF 8].

2. All record citations in this opinion are to the appendix filed by appellant.

On February 24, 1983, appellant's counsel moved to withdraw on the ground that he had considered appellant's income and advised her to make interim payments on the mortgage pending resolution of the domestic matter. Appellant's counsel stated that appellant would not agree to such a plan. The Bankruptcy Court inquired as to appellant's ability to make interim payments. Appellant responded that her monthly income was $913; her counsel responded that the monthly mortgage payment was $360. [Conf. 6]. Appellant then moved *pro se* for another continuance, stating that she needed "just three weeks" to resolve the divorce negotiations and adding that "then [my husband] will have to pay the liens and encumbrances, and then I don't have to go through with my Chapter 13." [Conf. 10]. Bankruptcy Judge Gibson granted a continuance to March 16, 1983, admonishing appellant: "[T]here will be no more question about interim payments. Either everything is straightened out, or the very least you are going to have to do is make the interim payments." [Conf. 12].

On March 16, 1983, the appellant moved for a continuance to April 30, 1983. No payment had yet been made since the conversion to a Chapter 13 petition on March 25, 1982. After testimony from the appellant, the Court found that "this is another go around." [2 CMF 10]. The Court thereupon denied the motion for a continuance and granted the motion for conversion. The following colloquy then transpired on the record:

> Ms. Carson: Your honor, Mr. Calaiarorow [sic] said that if I could show good faith, you know—
>
> The Court: I'm afraid you haven't.
>
> Ms. Carson: Well, I am willing to make the payment today, your Honor.
>
> The Court: I know you have come in here with a motion to continue again, and that's not a showing of good faith.
>
> Ms. Carson: Well—
>
> The Court: I have entered an order converting this to a Chapter 7.

[2 CMF 10].

■ Approval of confirmation plans is governed by 11 U.S.C. § 1325. One of the six requirements for approval of a plan is that "the plan has been proposed in good faith and not by any means forbidden by law." *See* 11 U.S.C. § 1325(a)(3). Appellant had neither prepared a final plan in the year that had lapsed since her conversion to a Chapter 13 proceeding nor had she submitted or adhered to an interim plan. Also, the record clearly discloses appellant's intention to use the Chapter 13 proceeding to delay mortgage foreclosure proceedings indefinitely until a divorce settlement could be reached. Such an abuse of the judicial process warrants denial of appellant's motion for continuance and denial of approval of any plan under Chapter 13. *See In Re Robinson,* 18 B.R. 891, 893 (Bkrtcy.D.D.C. 1982).

■ Title 11 U.S.C. § 1307 governs conversion or dismissal of bankruptcy proceedings. Title 11 U.S.C. § 1307(c) provides in relevant part:

> On request of a party in interest and after notice and a hearing, the court may convert a case under this Chapter to a case under Chapter 7 of this title, or may dismiss the case under this Chapter, whichever is in the best interest of creditors and the estate, for cause, including—
> (1) unreasonable delay by the debtor that is prejudicial to creditors; . . . (3) failure to file a plan timely under § 1321 of this title; (4) denial of confirmation of a plan under § 1325 of this title and denial of additional time for filing another plan or a modification of a plan.

Appellant contends that she had no notice or opportunity to be heard on the petition for conversion. Based upon a review of the record, this Court concludes that appellant was made aware of the pendency of the trustee's petition for conversion at the first meeting of creditors held on February 14, 1983, and of the trustee's intention to renew it as hearings held on February 24, 1983, and March 16, 1983. The issues raised by § 1307(c)(1), (3) and (4) were considered at each of these hearings and appellant was given a full opportunity to be heard. The

record establishes ample cause for conversion under § 1307(c)(1), (3) and (4).

An appropriate Order will be issued.