**In re Edward & Sandria BEAUTY.**

**Civ. A. No. 83–6174.**

United States District Court, E.D. Louisiana.

April 11, 1984.

Michael E. Riley, Sr., New Orleans, La., for Bankrupt.

## ORDER AND REASONS

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on appeal from an Order of the Bankruptcy Court dismissing debtors' Chapter 13 plan as lacking good faith. Considering the record, appellants' brief, and the law applicable to the debtors' appeal,[1] we affirm the Bankruptcy Court's Order for the reasons that follow.

On March 25, 1983, the debtors filed their first Chapter 13 plan, which was converted to a Chapter 7 proceeding on May 18, 1983. They received a discharge on September 9, 1983, and the real estate listed therein was disclaimed on October 3, 1983. The case remains open, apparently because the trustee has not filed the administrative report necessary to close it. On October 4, 1983, the debtors filed the Chapter 13 plan herein under consideration. This plan lists only secured claims that survived the previous bankruptcy, all the remaining unsecured claims having been discharged. At the meeting of the creditors attended by debtors' counsel to consider objections to the plan, the Bankruptcy Court denied confirmation of the plan, and dismissed it as "an abuse of the Bankruptcy Code."[2]

Lack of good faith is sufficient ground upon which to dismiss a Chapter 13 plan pursuant to 11 U.S.C. § 1307(c) or to deny confirmation under 11 U.S.C. § 1325(a)(3). Because Congress neither defined nor explained the term "good faith" either in the Bankruptcy Code or in the legislative history, and because the term must apply to a multitude of diverse fact situations, it is not susceptible to strict

---

1. This appeal was initially presented to the Court without a transcript of the proceeding below; without written reasons for the ruling below; without a brief filed by appellees or a party representing creditor interests; and without oral argument. We therefore requested that the Bankruptcy Court submit written reasons for its Order, which it did on March 21, 1984.

2. Appellants also contend that the Bankruptcy Court erred in dismissing their plan prior to

"consideration of the plan." There is ample authority for dismissing the plan prior to the confirmation hearing. 11 U.S.C. § 1307. *In re Robinson,* 18 B.R. 891 (Bkrtcy.D.Conn.1982). Further, the ground on which the Bankruptcy Court denied confirmation and dismissed the plan indicates that the Court did in fact consider the plan and did not merely rely on the serial filing of the Chapter 7 and Chapter 13 proceedings.

definition. Generally, though, the inquiry is directed to whether the plan conforms to the provisions, purpose or spirit of Chapter 13. 5 Collier on Bankruptcy ¶ 1325.01[2][C] (15th ed. 1983).

■ In determining whether the Chapter 13 plan satisfies the good faith requirement, we must consider it jointly with the previous Chapter 7 petition. While the serial filing of the two proceedings does not in itself constitute bad faith, *In re Robinson, supra,* the good faith determination requires the Court to examine the proximity in time of the two proceedings, and to compare the debts scheduled in the Chapter 7 case with those listed in the Chapter 13 plan. *In re Sanchez,* 20 B.R. 431, 432 (Bkrtcy.W.D.Tex.1982).

■ The Chapter 13 plan was filed less than a month after the Chapter 7 discharge, and only one day after the debtors' real estate was disclaimed. It lists only 3 claims, all of them secured. Of the three, two are secured by the real estate, and the third claim being one that was not reaffirmed during the previous proceeding. The plan proposes no payments to unsecured creditors, presumably because of the discharge of their claims in the earlier proceeding.

We conclude, as have other courts that have considered similar circumstances, that the ostensible purpose of the Chapter 13 plan is to restructure those non-dischargeable debts that survived the Chapter 7 case, and not to deal fairly with all the creditors. Such is contrary to the purpose of Chapter 13, and thus not in good faith:

> This Court is most concerned with the ramifications such indirect tactics hold for the purposes of Chapter 13.... Rather than serve as a flexible and effective means for debtors to adjust and repay all of their debts to all creditors, Chapter proceedings would be reduced to administering the repayment of secured creditors whose debts are nondischargeable under Chapter 7. Under such circumstances, any desire on the part of debtors to pay unsecured creditors would be discouraged and imprudent. Clearly,

such a result was not intended by the enactment of the new code....

*In re Sanchez,* supra, at 432. See also *In re Troutman,* 11 B.R. 108 (Bkrtcy. E.D. N.Y.1981); *In re Sardella,* 8 B.R. 401 (Bkrtcy, S.D.Ohio 1981); *In re Diego,* 6 B.R. 468 (Bkrtcy, N.D.Cal.1980).

We therefore affirm the Order of the Bankruptcy Court denying confirmation of debtors' Chapter 13 plan. Further, because the plan cannot be cured through modification, we also affirm the dismissal of the plan. Accordingly, the appeal of Edward and Sandria Beauty is hereby DISMISSED.