**In re Francisco D. DIEGO, Wilma M. Diego, Debtors.**

**Bankruptcy No. 4–80–02215PW.**

United States Bankruptcy Court,
N. D. California.

Sept. 9, 1980.

Max Cline, Oakland, Cal., for debtors.

---

## ORDER DENYING CONFIRMATION OF PLAN

CAMERON W. WOLFE, Bankruptcy Judge.

The application of the above-named debtors for confirmation of Chapter 13 Plan was heard on August 4, 1980, and was submitted.

The Plan proposes payment in full of debtors' creditors from their future earnings by payment to the Chapter 13 Trustee of $130 per month. The only debts scheduled are Federal and State Income Taxes totaling $3,764.47, and automobile contracts not to be paid within the Plan. The Plan would be completed in thirty–six (36) months.

Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 8, 1980. The tax obligations mentioned above were scheduled in the Chapter 7 case but were not discharged by operation of § 523(a)(1). The trustee drew the attention of the court to the obvious question of good faith inherent in this procedure in that the combined result of the straight bankruptcy followed in approximately two months by the Chapter 13 petition is the same as a Chapter 13 proposal to pay only selected creditors, here the United States Government and the State of California, while paying nothing to other unsecured creditors whose claims have been wiped out by a no asset straight bankruptcy.

This court has repeatedly denied confirmation to debtors' Chapter 13 Plans which, while meeting all of the specified tests of § 1325 of the Bankruptcy Code excepting "good faith," fail to provide a substantial payment to unsecured creditors. This interpretation recently has been confirmed at the appellate level by the Honorable WILLIAM A. IMGRAM in his decision in the case of PAUL EUGENE BURRELL, Northern District of California, No. 80–0905–WAI, filed August 19, 1980.

Counsel for debtors inferentially acknowledging that the Chapter 7 petition and the Chapter 13 petition may be considered together stated in a letter to the court:

"In order to get a fresh start it was required for us to file that petition [Chapter 7] with a Chapter 13 petition to cover non–dischargeable tax debts.

"Further, my clients attempted to work out a settlement with the Internal Revenue Service. However, the Internal Revenue Service was demanding a substantial portion of both clients' paychecks. My clients would be totally unable to support their family and meet the demands of the Internal Revenue Service.

"Thus, I feel that this Chapter 13 is in good faith and will produce the fresh start needed by my clients."

Conflicting considerations are presented. The combined petitions for all practical purposes constitute use of the bankruptcy remedies, Chapter 7 and Chapter 13, to accomplish by indirection what cannot be accomplished directly, namely, the proposal and confirmation of a Chapter 13 Plan proposing to pay nothing to general unsecured creditors.

The opposing considerations are the strong policy in favor of affording the debtors a "fresh start" which is a cornerstone of bankruptcy philosophy and the obvious intent of Congress that debtors confronted with a non–dischargeable tax obligation may have the benefit of installment payment through a Chapter 13 Plan, § 1322(a)(2).

Having found that the Chapter 13 Plan here in question must be considered in conjunction with the previously filed Chapter 7 case inasmuch as it attempts to deal with debts which existed prior to and were scheduled in the Chapter 7 case, I conclude that the Rule of *BURRELL* controls and requires that confirmation be denied. Although *BURRELL* holds that the amount

of payment necessary to constitute a good faith plan is flexible and must be determined after considering all of the circumstances presented including the ability of the debtors to pay there is no way that a plan resulting in no payment to unsecured creditors could be found to be "substantial".

The principles here applied are well stated by the Honorable ROSS M. PYLE in the case of *Gordon and Sharon Anderson*, 6 BCD 73, 3 B.R. 160 (Bkrtcy.1980 S.D.Cal.).

As the reason for denial of confirmation of debtors' Plan cannot be cured by modification their Chapter 13 case should be dismissed.

IT IS ORDERED that:

1. The application of the above–named debtors for confirmation of the Chapter 13 Plan filed herein is denied; and

2. Debtors' Chapter 13 case is dismissed effective ten (10) days from the date of the entry of this Order.