**In re Joseph Peter SARDELLA, Linda Eileen Sardella, Debtors.**

**Bankruptcy No. 2–80–03768.**

United States Bankruptcy Court,
S. D. Ohio, E. D.

Jan. 7, 1981.

David C. Lasky, Columbus, Ohio, for debtors.

Stephen R. Buchenroth, Columbus, Ohio, for Buffalo Savings Bank.

Frank Pees, Worthington, Ohio, trustee.

## ORDER ON OBJECTION TO CONFIRMATION

R. J. SIDMAN, Bankruptcy Judge.

Buffalo Savings Bank, a creditor secured by a mortgage on the residential real estate owned by Joseph and Linda Sardella, joint Chapter 13 debtors and husband and wife, has filed an objection to confirmation of their joint proposed plan. The objection is premised on several grounds, all relating to the status of Buffalo Savings Bank as a creditor secured in residential real estate and the proposed effect of the Chapter 13 plan on its rights.

The plan proposed by the Sardellas calls for the payment of $361.00 per month to the Chapter 13 trustee for a period of approximately forty (40) months, with full payment proposed to all present creditors. These creditors are only two in number and include Buffalo Savings Bank (its servicing agent is Yerke Mortgage Company), the holder of a first mortgage on the residential real estate of the debtors. Buffalo Savings Bank is owed the sum of $28,621.67 (as of November 28, 1980, the date of the hearing on confirmation of the Chapter 13 plan), $1,517.83 of which represents interest and late charges and the balance a principal amount owed as of November 24, 1980. The only other debt owed by these debtors is a debt in the amount of $1,000.00 owed to Robert D. Ringle which is secured by a judgment lien on the same residential real estate of the debtors. In the prior Chapter 7 proceeding, Judge Kelleher entered an order which found that, pursuant to § 522(f) of the Bankruptcy Code, Ringle's pre-petition judgment lien survived the avoidance provisions of § 522(f) only to the extent of $1,000.00.

These two obligations are the only ones presently owed by these debtors for the reason that these debtors have only recently received a discharge under the auspices of Chapter 7 of the Bankruptcy Reform Act of 1978. Specifically, the debtors, by joint voluntary petition filed on December 11, 1979, petitioned for relief under the provisions of Chapter 7 of the Bankruptcy Code. On August 4, 1980, Judge Kelleher of this Court issued the standard Chapter 7 discharge to these debtors which had the effect of relieving debtors of repayment of all their joint and several obligations. Although not expressly stated, the first mortgage obligation owed to Buffalo Savings Bank and the $1000.00 judgment lien obligation owed to Robert D. Ringle were apparently both reaffirmed obligations under § 524(c) of the Bankruptcy Code. The question presented to the Court at this time is whether or not the provisions of Chapter 13 of the Bankruptcy Code can be utilized by debtors to "adjust" debts which survive a recently filed Chapter 7 proceeding. In the context of this case, the debtors are proposing to force the holder of a first mortgage lien on their residential real estate to accept their plan of curing a default in first mortgage payments under § 1322(b)(5) of the Bankruptcy Code.

■ The objection of Buffalo Savings Bank is that the plan as proposed does not provide an adequate amount or method of payment of the mortgage arrearage in the plan and that the proposed length of the plan, forty (40) months, is not a reasonable time for the curing of mortgage default as required by § 1322(b)(5) of the Bankruptcy Code.

This Court has previously held in the case of *In re Soderlund*, 7 B.R. 44 (Bkrtcy.S.D. Ohio, 1980) (unreported) that thirty-six (36) months was an unreasonable time in which to cure the mortgage default. The situation presented by the debtors in this case is distinguishable from that presented in *Soderlund* in that it is clear that the sole object of the debtors in this case is to forestall and preclude a mortgage foreclosure on their residential real estate until the full arrearage owing to Buffalo Savings Bank is satisfied during the life of the plan. The effect of the plan, however, is the same—Buffalo Savings Bank will not have its loan brought current until the plan is completed over 3 years hence. As such, the plan must fail confirmation under § 1322(b)(5).

■ A second problem exists in this case. The Chapter 7 and Chapter 13 petitions filed by these debtors are both part of an over-all attempt to secure a "fresh start" by these debtors. In this Court's opinion, these two petitions must be jointly considered in judging the confirmability of the Chapter 13 plan. The effect of these two petitions on all creditors of these debtors, save for Buffalo Savings Bank and Robert D. Ringle, is the functional equivalent of a zero percent plan for unsecured creditors. See, *In re Diego*, 3 Bankruptcy Law Reports, 6 B.R. 468 (CCH) ¶ 67,710 (Bkrtcy.N. D.Cal.1980). Such a plan transgresses the "good faith" requirement of § 1325(a)(3) of the Bankruptcy Code. Its sole purpose is to restructure real estate debt, not fairly deal with all creditors. See, *In re Goeb*, 6 BCD 628, 4 B.R. 735 (Bkrtcy.S.D.Cal.1980).

Based upon the foregoing, the Court determines that the objection to confirmation is meritorious and it is hereby sustained. Confirmation of the Chapter 13 plan of these debtors is hereby denied.

IT IS SO ORDERED.