In re Michael R. and Kathleen C. HEYWOOD, Debtors.

No. 83–21309.

United States Bankruptcy Court, W.D. New York.

June 6, 1984.

Don B. Iwanicki, Batavia, N.Y., Chapter 7 trustee.

Lawrence A. Perot, Akron, N.Y., for debtors.

George M. Reiber, Rochester, N.Y., Chapter 13 trustee.

## MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

In this case, a Chapter 13 petition was filed after a Chapter 7 discharge but before the Chapter 7 case was closed. The attorney for the bank has moved to deny confirmation; dismiss or convert the plan; or in the alternative for an Order vacating the automatic stay. The Chapter 13 trustee moved the Court to dismiss the Chapter 13 or in the alternative consolidate it with the Chapter 7 proceeding. The debtors' Chapter 13 attorney opposes the bank and the Chapter 13 trustee's motion and requests that the Chapter 7 case be closed and the Chapter 13 plan be confirmed and that the Chapter 13 plan be amended to provide payments to the Chapter 7 unsecured creditors in the amount of the tax refund the debtors owe to the Chapter 7 trustee.

The facts are as follows. The debtors filed a joint Chapter 13 petition on November 30, 1983. A pending Chapter 7 case involving the same debtors was filed February 3, 1983. The discharge hearing was held on June 8, 1983 and the debtors received their discharge. There was a motion filed by Manufacturers and Traders Trust Company on September 29, 1983 to vacate the stay. A hearing was held at which the creditor appeared and the stay was vacated unless the debtors brought their payments current within 30 days. The Order terminating the automatic stay was signed on November 23, 1983. The Chapter 7 trustee refused to close the case because the debtors had some $2,200 in nonexempt tax refunds which had been concealed from the trustee. The trustee has made demands for these funds. On November 30, 1983, before the Chapter 7 case was closed, the debtors, through a new attorney, filed a Chapter 13 petition with plan attached. The debtors listed in this petition only their secured creditors because they felt their unsecured creditors had been discharged in the Chapter 7 proceeding. Since the filing of the plan, the debtors have been making their $250 a month plan payment. No payments have

been made upon the mortgage held by Manufacturers and Traders Trust Company.

It is plain that simultaneous petitions in bankruptcy are not allowed. (See *Freshman v. Atkins,* 269 U.S. 121, 46 S.Ct. 41, 70 L.Ed. 193 (1925)). A more recent case, *Associates Financial Services Corporation v. Cowen,* 29 B.R. 888 (Bkrtcy. Ohio 1983), held that a debtor could not maintain simultaneous petitions because a debtor possesses only one estate for the purpose of trusteeship and the bankruptcy should be administered as a single estate under a single Chapter within the Code. Additionally, different remedies in different Chapters are intended to be exclusive for each estate. Some Courts have permitted the filing of a Chapter 13 petition subsequent to the Chapter 7 discharge, but the serial filing of successive Chapter 13 petitions may not be permitted until the granting of the discharge in the prior Chapter 7 proceeding. See *In re Tauscher,* 26 B.R. 99, 9 B.C.D. 1425 (Bkrtcy.E.D.Wis.1982); *In re Sanchez,* 20 B.R. 431, B.L.D. p. 68, 765 (Bkrtcy.W.D.Tex.1982). In the present case, the debtors filed a Chapter 13 petition five months after receiving their Chapter 7 discharge.

But another question is also presented, can a debtor who has filed a Chapter 13 petition subsequent to discharge in a Chapter 7 but prior to the closing of the Chapter 7 case, and who lists only secured debts remaining from the recent Chapter 7 with no payment to unsecured creditors be considered to have filed the Chapter 13 petition in good faith? Some Courts have held that the good faith provision of § 1325(a)(3) requires a Court to examine the equities such as, proximity in time of the filings; debts scheduled in the respective proceeding; and the effects of the imposition of a new stay on secured creditors, in determining the good faith of the debtors. See *Sanchez,* 20 B.R. 431; *In re Diego,* 6 B.R. 468, at 469 (Bkrtcy.N.D. Cal.1980); *In re Troutman,* 11 B.R. 108 (Bkrtcy.N.Y.1981); *In re Sardella,* 8 B.R. 401.

The case of *In re Sardella,* supra, parallels the case at bar. In this case, the debtors received a Chapter 7 discharge and within four months requested confirmation of a Chapter 13 plan. The *Sardella* plan proposed to cure a mortgage in default over forty months. The only other debt surviving the Chapter 7 was a $1,000 judgment lien on the same residential property. All the other creditors had been disposed of through the Chapter 7 discharge. The Court in *Sardella* denied confirmation because the plan transgressed the good faith requirements of § 1325(a)(3). In reaching that decision the Court followed the reasons in *Diego,* supra, and considered the Chapter 7 and Chapter 13 petitions jointly. In *Diego,* the Court had said, "(t)he combined petitions for all practical purposes constitute use of the bankruptcy remedies, Chapter 7 and Chapter 13, to accomplish by indirection what cannot be accomplished directly, namely, the proposal and confirmation to pay nothing to general unsecured creditors." (See *In re Diego,* 6 B.R. 468, at 469 (Bkrtcy.N.D.Cal.1980)).

The Court in *Sardella,* supra, viewed the two plans as the functional equivalent of a zero percent plan for unsecured creditors. The Court further indicated that the plan's sole purpose is to reconstruct real estate debt and not fairly deal with all creditors.

In the case at bar, the Heywoods filed their plan five months after the Chapter 7 discharge and after the mortgage holder had gone to the trouble of having the automatic stay lifted. They filed the petition only when the bank had again started their mortgage foreclosure proceeding and the Chapter 7 trustee was threatening to move to set aside their discharge because of the concealment of assets.

This Court cannot condone such actions. The Chapter 13 petition is dismissed as not being in good faith. The stay imposed by 11 U.S.C. § 362 in the Chapter 13 proceeding is also lifted to permit Manufacturers and Traders Trust Company to continue their mortgage proceeding and it is so ordered.