**In re Alex E. SILVA and Ann M. Silva, Debtors.**

**Bankruptcy No. 2–87–02598.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Oct. 28, 1987.

Robert H. Farber, Jr., Columbus, Ohio for debtors.

Frank M. Pees, Worthington, Ohio, Chapter 13 Trustee.

## OPINION AND ORDER DENYING CONFIRMATION OF CHAPTER 13 PLAN AND DISMISSING CASE

BARBARA J. SELLERS, Bankruptcy Judge.

This matter is before the Court upon the requested confirmation of a Chapter 13 plan proposed by debtors Alex E. and Ann M. Silva, and upon this Court's independent obligation to find that all tests for confirmation have been met.

The plan proposed by these debtors calls for payments of $450 each month for 12 months, $485 each month for 48 additional months, and full repayment of all allowed

claims. Although the debtors characterize this as a 100% repayment plan, for reasons set forth below, the Court determines that such characterization is incorrect, or at best, misleading.

The debtors are not strangers to this Court or to the bankruptcy remedy. In 1972 Alex Silva was a debtor in a Chapter VII case under the provisions of the now-repealed Bankruptcy Act of 1898. On December 22, 1982 Alex and Ann Silva filed a Chapter 13 case which was dismissed on February 21, 1984 for failure of the debtors to execute the terms of the plan. On February 22, 1984 they filed another Chapter 13 case which was eventually dismissed in December, 1985. In April of 1986 the debtors filed a Chapter 7 case with this Court, and, on December 29, 1986, they received a discharge of all their dischargeable debts. Although that case is still being administered by the Chapter 7 trustee in bankruptcy, the debtors filed this Chapter 13 case on June 12, 1987.

Review of the schedules in the debtors' pending Chapter 7 proceeding reveals that personal unsecured liabilities of approximately $100,000 were discharged by that filing. The obligations scheduled to be repaid by this proposed Chapter 13 plan are all federal or state tax liabilities which, with the exception of 1986 taxes, were scheduled in the preceding Chapter 7 case. Because of the nature of those obligations, the debtors may not have been discharged from those liabilities. See 11 U.S.C. § 523(a)(1). Assets in that Chapter 7 case, however, will be applied in part to reduce the amounts owing to the Internal Revenue Service. As scheduled, those liabilities total approximately $36,000 of which $21,000 is disputed. Approximately $4,000 represents liabilities to both the federal government and the State of Ohio for taxes which arguably were determined as to amount since the Chapter 7 filing in 1986.

The legal issue before the Court is the appropriateness of confirming a Chapter 13 plan, the primary purpose of which is to repay obligations excepted from discharge in a relatively recent preceding Chapter 7 case. Examination of such proposed plans will focus on their conformity to the spirit and purpose, of not only Chapter 13, but also of Title 11 in its entirety.

The Court finds that evaluation of such plans must be on a case-by-case basis. The provisions of the Bankruptcy Code do not explicitly prohibit such filings in that no time period is prescribed within which a Chapter 13 discharge is prohibited for obligations previously scheduled, but not discharged, in a Chapter 7 case. See generally 11 U.S.C. § 727(a)(8) and (a)(9), § 523(a)(10) and § 1328(a). The absence of explicit prohibition does not end the inquiry, however.

The Court finds that remedies under the Bankruptcy Code are designed in the alternative. Debtors are given a choice of either a reorganizational process, which preserves the going concern value of assets, or liquidation by a trustee. Specifically, depending upon their legal status and the total amount of their obligations, debtors may seek to reorganize under Chapters 11, 12 or 13 of the Bankruptcy Code. The provisions of those chapters generally permit debtors to retain assets, to restructure most secured debts, and to repay obligations over an extended period of time. In return for those powers and rights, it is expected that the debtors' reorganization plans will attempt to preserve interests and offer at least partial repayment of all obligations, including unsecured debts. Such plans must also deal fairly with all creditors. As an impetus to the payment of debts, completion of a Chapter 13 plan entitles debtors to a broader discharge than is possible in a Chapter 7 liquidation.

On the other hand, Chapter 7 is the remedy available for debtors who either are unable or unwilling to repay their obligations. That choice involves surrender to a trustee for liquidation all assets in which non-exempt equity is present. That liquidation often realizes a value for creditors closer to that of a "forced-sale." Retention by the debtors of liened assets in which there is no value for the bankruptcy estate requires either lump sum payments or a consensual arrangement with creditors holding liens against such property. In

addition, certain types of obligations are not discharged in a Chapter 7 proceeding. See 11 U.S.C. § 523(a).

The Court believes that debtors must choose their remedy carefully and must then expect to shoulder the burdens as well as the benefits of the particular remedy selected. While the Court is unwilling to hold categorically that circumstances cannot exist which would make a Chapter 13 appropriate soon after a Chapter 7 discharge has been granted, confirmation of a plan under those circumstances will depend upon the nature of the obligations proposed to be treated in the Chapter 13, the length of time between the two filings, and the forseeability of the circumstances which arose after the Chapter 7 which prompted the Chapter 13 filing. In this regard, the two petitions must be considered together and the functional effect, or the percentage of repayment, based upon the treatment of creditors as if the two cases were one. *In re Sardella*, 8 B.R. 401 (Bankr.S.D.Ohio, 1981).

The Court is confident that Congress never intended debtors to use Chapter 7 to eliminate their legal obligations to unsecured creditors and then immediately or soon thereafter use the Chapter 13 remedy either to accomplish a nonconsensual redemption of their liened assets over time or to extend the repayment period for obligations not discharged in the Chapter 7. Given the legislative history of the differences preserved by the various chapter remedies, such intent would have to be explicitly sanctioned by the statute or required by controlling case law before being accepted by this Court.

The Court finds that compliance with the spirit and purpose of the Bankruptcy Code and good faith treatment of creditors under the provisions of Chapter 13 require a meaningful attempt to repay all creditors to the best of the debtors' abilities. These debtors' plan, which proposes payment primarily of obligations which could not be discharged in their recent prior Chapter 7 case, does not meet this test. The fact that tax obligations for one year subsequent to the Chapter 7 pro-

ceeding are also included as debts to be repaid does not change this result.

Based on the foregoing, confirmation of the Chapter 13 plan proposed by Alex and Ann Silva shall be, and the same is, hereby DENIED for failure to meet the tests for confirmation set forth in 11 U.S.C. §§ 1325(a)(1) and (a)(3). Because these debtors are ineligible to pursue any meaningful remedy by conversion of their case to one under Chapter 7, this case is also DISMISSED.

IT IS SO ORDERED.