**In the Matter of Carol Ann HAMMERS, Debtor.**

**Carol Ann HAMMERS, Appellant,**

**v.**

**INTERNAL REVENUE SERVICE, et al., Appellees.**

**No. 92–1882**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

April 13, 1993.

---

Carol Ann Hammers, pro se.

Gary R. Allen, Chief, Jordan L. Glickstein, Gary D. Gray, Appellate Section, Tax Div., Dept. of Justice, Washington, DC, Gregory Scott Garland, U.S. Dept. of Justice, Tax Div., Dallas, TX, for IRS.

Charles Lester Kennon, III, Ft. Worth, TX, for Truman, Trustee & Bartholow.

Before POLITZ, Chief Judge, KING and BARKSDALE, Circuit Judges.

POLITZ, Chief Judge:

Carol Ann Hammers, a tax protestor, appeals the dismissal of her Chapter 13 bankruptcy petition. Finding no error, we affirm.

### Background

From 1978 through 1984 Hammers filed federal income tax returns containing only her name and address. In response to all other questions she repeated "Objection, Self–Incrimination." When the Commissioner of Internal Revenue asserted deficiencies in her taxes for those years she brought suit in the tax court. The tax court sustained the Commissioner's deficiency determinations and imposed sanctions. These decisions were affirmed on appeal.

On September 20, 1990 Hammers filed for protection under Chapter 13 of the Bankruptcy Code. The IRS, her only creditor, filed a proof of claim in the amount of $112,412.75. The bankruptcy court determined that only $2,200 of this amount was secured. The Standing Chapter 13 Trustee filed an objection to the confirmation of Hammers' proposed plan. The Trustee invoked section 109(e) of the Bankruptcy Code which limits relief under Chapter 13 based on the amount of the debtor's noncontingent, liquidated, and unsecured debts.

Hammers appeared at a hearing on her plan and argued that portions of the IRS's claim should be disallowed or deemed unliquidated, notwithstanding the final determination of over $106,000 in unsecured debt in the previous adjudications. Hammers maintained that tax penalties are inherently punitive, do not compensate for lost revenue, and are usurious, and, therefore, the bankruptcy court should have disallowed that portion of the IRS's claim pursuant to its equitable power. She also argued that the claim was unliquidated because of discrepancies in the notices of deficiency, assessment, lien, and levy.

The bankruptcy court determined that Hammers' noncontingent, liquidated, and unsecured debt to the IRS exceeded the statutory maximum and ordered her to convert to another chapter or face dismissal. She refused and, as promised, the court dismissed the Chapter 13 filing. The district court affirmed and Hammers, proceeding *pro se*, filed a timely notice of appeal.

### Analysis

The IRS and the Trustee contend that Hammers' case was ineligible under Chapter 13 because her unsecured, liquidated, and noncontingent debt to the IRS exceeded the $100,000 maximum provided in section 109(e).

Hammers argued to the bankruptcy court and the district court that certain portions of her debt should be discounted from the section 109(e) calculation because they were unliquidated. The IRS and the Trustee counter that even indulging Hammers' argument that some portion of the debt may have been undetermined, the two prior tax court rulings, and subsequent appellate affirmances thereof, finally determined a debt exceeding $100,000. Indeed, Hammers conceded that the prior adjudications settled at least $106,000 in unsecured debt during the hearing on this issue.

■■■ Hammers insisted, and continues to insist on appeal, that the bankruptcy court should have employed its equitable powers to look behind the judgments and disallow substantial portions of the IRS's claim, because those decrees included amounts unrelated to actual loss to the IRS. This submission lacks merit; section 505(a)(2)(A) expressly prohibits relitigation of any "tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title."[1]

■■■ Undaunted, Hammers contends section 109(e) admits of latent ambiguity which should be resolved in her favor. She argues that the $100,000 limit was intended only "to prevent large business from utilizing Chapter 13, not to thwart or inhibit the small proprietor or individual whose debt may stretch those limits." Thus, even if her outstanding noncontingent, liquidated, and unsecured debt is more than $100,000, the limitation does not, or should not, apply to her. The statute belies the argument. *Only an individual* with regular income *that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $100,000* and noncontingent, liquidated, secured debts of less than $350,000 ... may be a debtor under this chapter.[2] The text is clear and unambiguous—an individual is an individual, and $100,000 is $100,000.

■■■ The sole purpose of statutory construction including, when appropriate, a review of all available legislative history, is to ascertain the intent of the legislative authority.[3] The most certain expression of legislative intent in nearly every instance is the words of the subject statute. We may not look beyond them when, taken as a whole, they are rational and unambiguous. The case at bar does not present that rare instance in which application of the plain language of a statute leads to an absurd result.[4] Quite to the contrary. We perceive no ambiguity, latent or otherwise, in the $100,000 limitation on individual eligibility for relief under Chapter 13. We have only an argument which is devoid of merit.[5]

■■■ Finally,[6] we address Hammers' contention that the bankruptcy court's *sua sponte* dismissal order was unauthorized and unconstitutional. While the Code does not expressly prescribe for *sua sponte* dis-

---

1. The bankruptcy court's equitable power is exercised only "within the confines of the Bankruptcy Code." *Norwest Bank Worthington v. Ahlers,* 485 U.S. 197, 206, 108 S.Ct. 963, 969, 99 L.Ed.2d 169 (1988). *See also In re Claypool,* 142 B.R. 753 (Bankr.E.D.Va.1990) (determination is based only on liquidated debts regardless of whether they are disputed); *In re Sylvester,* 19 B.R. 671 (9th Cir. B.A.P. 1982) (same) *and* 11 U.S.C. § 502(b).

2. 11 U.S.C. § 109(e).

3. *Caminetti v. United States,* 242 U.S. 470, 37 S.Ct. 192, 61 L.Ed. 442 (1917).

4. *E.g., Rowland v. California Men's Colony,* —— U.S. ——, 113 S.Ct. 716, 121 L.Ed.2d 656 (1993).

5. Hammers cites a number of cases liberally construing section 109(e) in favor of eligibility. Notably, she does not cite a single case suggesting or even implying, as she does here, that the $100,000 limitation should be read as inapplicable "to individuals who refuse to pay their taxes." Nor are we aware of any. Rather, the cases she cites stand for a number of propositions wholly inapposite here, such as, that the court should not look past the debtor's schedules in calculating the amount of unsecured, noncontingent, liquidated debt, provided they are presented in good faith. *E.g., In re Pearson,* 773 F.2d 751 (6th Cir.1985).

6. Because our review of the record compels the conclusion that it is frivolous, we will not address Hammers' contention that the bankruptcy court's actions were inequitable, unobjective, biased, or prejudiced.

missal[7] or conversion for ineligibility under section 901(e), the 1986 amendment to section 105(a) accommodates such a result.[8] That section now provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, *sua sponte*, taking any action or making any determination necessary or appropriate to enforce or implement court orders, or rules, or to prevent an abuse of process.

Cases decided after the amendment support what is apparent from the face of section 105(a)—the bankruptcy court may take up the question of eligibility *sua sponte*.[9]

 Hammers' due process argument is singularly unpersuasive. She had notice of the issue long before she raised it at the hearing on the Trustee's objection to her plan. It was not until after hearing extended argument that the court ruled that her debt exceeded the $100,000 limitation.[10] Hammers had sufficient notice and an adequate opportunity to respond to the Trustee's objection.[11]

The judgment of the district court is AFFIRMED.

---

**7.** We do not think that 11 U.S.C. § 1307(c), when read in harmony with section 105(a), precludes *sua sponte* dismissal upon suggestion of ineligibility.

**8.** The cases Hammers cites predate the 1986 amendment and are therefore inapposite. *E.g.,* *In re Gusam Restaurant Corp.,* 737 F.2d 274 (2d Cir.1984) (finding no authority for *sua sponte* conversion from Chapter 11 to Chapter 7); *but compare* post-amendment decisions, *e.g., Hayes v. Production Credit Ass'n.,* 955 F.2d 49 (10th Cir.1992) (Table) (text available on WESTLAW); *In re Willey,* 900 F.2d 263 (9th Cir.1990) (Table) (text available on WESTLAW); *In re Klenosky,* 130 B.R. 132 (E.D.N.Y.1991).

**9.** *E.g., Pleasant Pointe Apt's v. Kentucky Housing Corp.,* 139 B.R. 828 (W.D.Ky.1992); *In re Great American Pyramid Joint Venture,* 144 B.R. 780 (Bankr.W.D.Tenn.1992). *See also In re Timbers of Inwood Forest Assoc., Ltd.,* 808 F.2d 363, 373–74 (5th Cir.1987) (*en banc*) (recognizing bankruptcy court's inherent responsibility to effectuate the purposes of Bankruptcy Code), *aff'd,* 484 U.S. 365, 108 S.Ct. 626, 98 L.Ed.2d 740 (1988).

**10.** The court gave Hammers ample opportunity to consider her course: "My suggestion is that I give you a week to consider possibly converting to another Chapter, that is, to 7 or 11, and if you don't, then I dismiss the case within seven days. Do you have any response to that, or do you want more time?" Hammers asked for and received an additional two weeks.

**11.** Because we determine that the court properly dismissed Hammers' proceeding without a motion by a party, we need not consider whether section 109(e) is jurisdictional in nature.