IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-31029
Summary Calendar
_____


In the Matter of: GEORGE J BEARD, JR; MELANIE WALKER BEARD

      Debtors


_____


GEORGE J BEARD, JR; MELANIE WALKER BEARD

      Appellants

   v.

UNITED STATES TRUSTEE; PAUL H DAVIDSON; OUACHITA VALLEY
FEDERAL CREDIT UNION

      Appellees

_____

Appeal from the United States District Court
for the Western District of Louisiana
(94-CV-2181)
_____
April 3, 1996
Before KING, SMITH, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

    Debtors George J. Beard, Jr. and his wife, Melanie Walker
Beard (collectively, the "Beards") appeal the district court's
affirmance of the bankruptcy court's denial of confirmation of
their Chapter 13 plan and sua sponte dismissal of their case.  We
affirm.

---

    [*]     Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

## I.  BACKGROUND

In 1992 and 1993, the Beards borrowed substantial sums from the Ouachita Valley Federal Credit Union ("Ouachita Valley") through five loans that were variously and partially secured by a mobile home, a 1986 Oldsmobile, a 1992 Ford pick-up truck, and a boat, motor, and trailer.  When the Beards defaulted on their loans, Ouachita Valley instituted legal proceedings.  On March 10, 1994, Ouachita Valley obtained a judgment on the unsecured loans and an order for executory process to foreclose on certain of the remaining secured loans.

On June 14, 1994, the Beards filed a petition for relief in the United States Bankruptcy Court for the Western District of Louisiana under Chapter 13 of the United States Bankruptcy Code, 11 U.S.C §§ 101-1330.  After filing schedules and an original plan, the Beards filed an objection to the claim of Ouachita Valley, questioning the size of the allowable claims and the valuation of the collateral securing them.  The Beards' objection was noticed for hearing on September 8, 1994--the same date fixed for the confirmation hearing on their proposed Chapter 13 plan.

One week before the scheduled hearing, Ouachita Valley filed an objection to the Beards' proposed Chapter 13 plan.  Ouachita Valley's objection to confirmation concerned the same issues presented by the Beards' objection to Ouachita Valley's claims-- the amount of the outstanding debt and the value of the collateral securing that debt.[2]  On the same day Ouachita Valley

_____

[2]     Ouachita Valley claimed that the Beards undervalued the

2

filed its objection to the plan, it served notice of the objection on the Beards' counsel. Ouachita Valley served notice on the Chapter 13 trustee one week later but did not serve the Beards personally. On September 6, 1994, the Beards' attorney filed an Answer and Opposition to Ouachita Valley's objection to confirmation, containing a request for dismissal based on improper and untimely service.

At the hearing held on September 8, 1994, the Beards argued that the bankruptcy court should sustain their objection to Ouachita Valley's claim because Ouachita Valley had not filed a written response in opposition to the Beards' objection. The Beards also objected to the bankruptcy court's refusal to disregard Ouachita Valley's objection to confirmation because of improper service. The bankruptcy court ruled that Ouachita Valley was not required to file a written response to the Beards' objection and that Ouachita Valley's failure to serve the Beards personally was inconsequential. Over the objection of the Beards, the bankruptcy court consolidated for hearing the Beards' objection to Ouachita Valley's claim, Ouachita Valley's objection to confirmation, and confirmation of the Chapter 13 plan. Upon conclusion of the evidentiary hearing, the bankruptcy court denied confirmation and sua sponte dismissed the Beards' case on

---

collateral which they wished to retain, overstated the value of the collateral which they proposed to return, and violated the loan agreement by failing to provide insurance on the collateral. Ouachita Valley claimed that the amount of the Beards' indebtedness was $54,984.50. The plan that the Beards originally proposed admitted a debt of $39,238.29.

the grounds that their bankruptcy plan had not been proposed in good faith as required by 11 U.S.C. § 1325(a)(3).

The bankruptcy court's determination that the Beards lacked the requisite good faith was predicated on several factors. (1) The Beards filed their petition on the day preceding a scheduled sheriff's sale in Ouachita Valley's foreclosure proceeding. (2) George Beard's candor was called into question when the judge found several contradictions in his testimony concerning the circumstances under which he left one job for a lower paying one. (3) George Beard cashed an insurance proceeds check without authority of Ouachita Valley; the check was made out jointly to him and Ouachita Valley because it had been issued on a claim for damage to a portion of Ouachita Valley's collateral--a mobile home. (4) The Beards pawned other collateral--a boat, motor, and trailer that were subject to Ouachita Valley's security interest--and failed to report the transfer in their original filings. (5) Certain parts of various items of collateral were damaged or lost just prior to filing or during the pendency of the bankruptcy petition; the mobile home was damaged and a radio was inexplicably missing from their pick-up truck. (6) In contravention of the loan agreement, the Beards did not maintain insurance on the collateral.[3]

_____

[3] Characterizing it as proof of a "binder" and evidence of their compliance with the agreement, the Beards offered an insurance application and a payment receipt. However, the application expressly stated, "this is not a binder." Moreover, the Beards represented on the application that their insurance coverage had not been cancelled previously, despite George Beard's own testimony that coverage on the mobile home had been

4

The Beards filed a motion for a new trial which was denied. The U.S. District Court for the Western District of Louisiana affirmed the judgment of the bankruptcy court in all respects. This appeal followed.

## II. ANALYSIS

We review findings of fact by the bankruptcy court under the clearly erroneous standard and we decide issues of law de novo. In re Eagle Bus Mfg., Inc., 62 F.3d 730, 735 (5th Cir. 1995); In re Christopher, 28 F.3d 512, 514 (5th Cir. 1994). A finding of fact is clearly erroneous when, although there is enough evidence to support it, we are left with a firm and definite conviction that a mistake has been committed. Christopher, 28 F.3d at 514. "When the district court has affirmed the bankruptcy court's findings, our review for clear error is strict." Eagle, 62 F.3d at 735.

The arguments advanced by the Beards on appeal may be consolidated into three determinative issues. Two issues are procedural: whether the bankruptcy court erred by conducting the consolidated evidentiary hearing although Ouachita Valley had not served the Beards personally; and whether the evidentiary hearing was improper because Ouachita Valley had not filed a written response to the Beards' objection to Ouachita Valley's proof of claim. The third issue is a substantive one: whether it was error for the district court sua sponte to dismiss the Beards'

cancelled at least three times.

5

case for lack of good faith.  We address the substantive issue first.

**A.   Good Faith**

The Beards argue that the bankruptcy court erred as a matter of law and fact in dismissing their case on a finding that they had submitted their Chapter 13 plan in bad faith.  They contend that the bankruptcy court erroneously weighed the evidence presented at the hearing on September 8, 1994.  The Beards maintain that the court failed to apply the proper standard--the totality of the circumstances--in arriving at its determination of bad faith.  Additionally, because no one raised the issues of good faith and dismissal prior to the bankruptcy court addressing them at the hearing, the Beards contend that they were not given a reasonable opportunity to prepare for trial on these issues. They conclude that the bankruptcy court's sua sponte dismissal order was a denial of due process.

We find the Beards' arguments unconvincing.  Contrary to the assertions of the Beards, we conclude that the lower courts' conclusions of law and findings of fact were not in error.  The bankruptcy court applied the appropriate standard in arriving at its factual determination and its findings are not clearly erroneous.  It was not improper for the bankruptcy court to dismiss sua sponte the Beards' case for lack of good faith.  The Beards were not denied due process.

A Chapter 13 reorganization plan must satisfy a number of requirements in order to qualify for confirmation by the

bankruptcy court.  11 U.S.C. § 1325.  One of these requirements is that the plan must have "been proposed in good faith and not by any means forbidden by law."  11 U.S.C. § 1325(a)(3).  Although the Bankruptcy Code does not define "good faith," this court has determined that a good-faith analysis must involve the consideration of factors such as "the reasonableness of the proposed repayment plan and whether the plan shows an attempt to abuse the spirit of the Bankruptcy Code."  In re Chaffin, 816 F.2d 1070, 1073 (5th Cir. 1987), modified on reconsideration on other grounds, 836 F.2d 215 (5th Cir. 1988); Public Fin. Corp. v. Freeman, 712 F.2d 219, 221 (5th Cir. 1983).  Other factors have been cited as relevant to such an analysis, including the fairness of the plan to the creditor, the timing of the bankruptcy filings, the debtor's motive in seeking Chapter 13 relief, whether the plan states the debtor's debts accurately, and the circumstances under which the debts were incurred.  In re Smith, 848 F.2d 813, 817-18 (7th Cir. 1988).  We have noted that bad faith is typically accompanied by indicia such as the unsuccessful defense of a foreclosure action in state court and allegations of wrongdoing on the part of the debtor.  In re Little Creek Dev. Co., 779 F.2d 1068, 1072-73 (5th Cir. 1986) (holding that evidence was insufficient to establish lack of good faith in Chapter 11 filing to warrant lifting automatic stay).

"The party who seeks a discharge under Chapter 13 bears the burden of proving good faith."  In re Caldwell, 895 F.2d 1123, 1126 (6th Cir. 1990); see also In re Love, 957 F.2d 1350, 1355

7

(7th Cir. 1992); In re Warren, 89 B.R. 87, 93 (Bankr. 9th Cir. 1988); In re Carver, 110 B.R. 305, 311 (Bankr. S.D. Ohio 1990). Bankruptcy Rule 3020(b)(2) provides that if "no objection is timely filed, the Court may determine the plan has been proposed in good faith and not by any means forbidden by law without receiving evidence on such issues."[4] Fed. R. Bankr. P. 3020(b)(2). Where there is an objection, however, "more than bare presentation of the plan and provision for payment thereunder is requisite." Warren, 89 B.R. at 91. Although the party objecting to confirmation "must meet the initial burden of producing evidence in support of his objection, the debtor bears the ultimate burden of persuasion on the issue of compliance with the confirmation criteria contained in § 1325(a)." Carver, 110 B.R. at 311.

Because the requisite good-faith analysis of a proposed Chapter 13 plan is a fact-intensive inquiry, appellate courts have recognized that this determination is best left for bankruptcy courts to resolve on a case-by-case basis. Love, 957 F.2d at 1355. This court has established that the good-faith requirement "must be viewed in light of the totality of the circumstances surrounding the confection of a given Chapter 13 plan." Public Fin. Corp., 712 F.2d at 221. This test entails

_____

[4]    Use of the permissive "may" has been interpreted to allow the bankruptcy court, even without objection, to require that evidence be presented as to good faith. Warren, 89 B.R. at 91 (citing In re Cash, 51 B.R. 927, 930-31 (Bankr. N.D. Ala. 1985) and In re Hale, 65 B.R. 893, 893 & n.1, 897 (Bankr. S.D. Ga. 1986)).

"an examination of all of the facts in order to determine the bona fides of the debtor." Chaffin, 816 F.2d at 1074. The Beards argue that the bankruptcy court did not apply the totality of circumstances standard. We disagree.

In this case, the bankruptcy court arrived at its finding that the Beards filed their reorganization plan in bad faith by carefully weighing the evidence presented at the September 8, 1994 hearing. Determination of a debtor's good faith in proposing a reorganization plan "depends largely upon the bankruptcy court's on-the-spot evaluation." Little Creek, 779 F.2d at 1072. At the hearing the bankruptcy court examined the facts surrounding the filing of the Beards' plan. The court heard testimony from a loan manager employed by Ouachita Valley and from both of the Beards. The bankruptcy court received into evidence exhibits presented by Ouachita Valley and exhibits presented by the Beards. Prefacing its decision by noting the presence of two of the indicia of bad faith identified in Little Creek--allegations of wrongdoing and an imminent sheriff's sale, the court recited a litany of circumstances that pointed to a lack of good faith on the part of the Beards.

The bankruptcy court found that George Beard exhibited "a disregard of certain obligations incumbent upon him under his loan obligations . . . .[, that his] testimony as a whole was conflicting, [and] his attitude belligerent." The court was troubled by contradictions in George Beard's testimony concerning his job change, the necessity of caring for relatives, and damage

9

to the collateral. The fact that the boat, motor, and trailer had been pawned, and that the radio was missing from the pick-up were cited by the court as suggestive of bad faith. The bankruptcy court pointed to the allegations of wrongdoing in connection with the insurance proceeds check. Particularly noted by the court was the Beards' failure to maintain insurance on the collateral and George Beard's false representation on an application for insurance that his coverage had not been cancelled previously. We find that the bankruptcy court considered the totality of the circumstances surrounding the Beards' proposed plan. Looking at the above evidence we cannot say that the bankruptcy court's finding that the Beards lacked good faith in filing their proposed Chapter 13 plan was clearly erroneous.

Two separate good faith determinations are at issue in a Chapter 13 proceeding: whether the debtor filed the petition in good faith and whether the plan is proposed in good faith. <u>Love</u>, 957 F.2d at 1354. "The finding of a lack of good faith in filing the petition under Section 1307(c) can lead to the dismissal and termination of the bankruptcy proceedings. . . ." <u>Id.</u> The bankruptcy court may dismiss a case for cause at the request of a party in interest or the United States trustee, 11 U.S.C. § 1307(c), or the bankruptcy court may dismiss a case on its own initiative. <u>In re Hammers</u>, 988 F.2d 32, 34-35 (5th Cir. 1993); <u>Pleasant Pointe Apartments, Ltd. v. Kentucky Hous. Corp.</u>, 139 B.R. 828, 832 (W.D. Ky. 1992) ("[B]ankruptcy court did not err in

concluding that it had the authority to dismiss [debtors']
Chapter 11 petitions for cause on its own initiative, without a
specific request to do so by [creditors].").

The bankruptcy court also may address <u>sua sponte</u> the
question of a plan's eligibility. <u>Hammers</u>, 988 F.2d at 35.
1993). Although the Bankruptcy Code does not expressly authorize
<u>sua sponte</u> dismissal, such a result is consistent with the 1986
amendment to § 105(a). <u>Id.</u> at 34-35. That section provides:

> The court may issue any order, process, or judgment
> that is necessary or appropriate to carry out the
> provisions of this title. No provision of this title
> providing for the raising of an issue by a party in
> interest shall be construed to preclude the court from,
> <u>sua sponte</u>, taking any action or making any
> determination necessary or appropriate to enforce or
> implement court orders, or rules, or to prevent an
> abuse of process.

11 U.S.C. § 105(a). It follows that, where the bankruptcy court
finds bad faith with regard to both the petition and the plan,
dismissal of the case is not error. In <u>Love</u>, the Seventh Circuit
cautioned that "the bankruptcy court should be more reluctant to
dismiss a petition under Section 1307(c) for lack of good faith
than to reject a plan for good faith under Section 1325(a)."
<u>Love</u>, 957 F.2d at 1356. Nevertheless, because the bankruptcy
court had "conducted an evidentiary hearing and carefully weighed
the evidence before dismissing the petition under Section
1307(c)," the Seventh Circuit affirmed the bankruptcy court's
dismissal of Love's case. <u>Id.</u> Similarly, we find that the
bankruptcy court did not err in dismissing the Beards' case <u>sua
sponte</u>.

Moreover, in the instant case, <u>sua sponte</u> dismissal of the case on the basis of a lack of good faith did not constitute a denial of due process. "Due process requires only notice that is both adequate to apprise a party of the pendency of an action affecting its rights and timely enough to allow the party to present its objections." <u>Christopher</u>, 28 F.3d at 519. The Beards' contention that they were not given a reasonable opportunity to prepare for trial on the issues of good faith and dismissal is untenable. The Beards had notice of the September 8, 1994 confirmation hearing. Both of the Beards testified at that hearing. An implicit prerequisite to the Beards' right to file was good faith on their part. <u>In re Winshall Settlor's Trust</u>, 758 F.2d 1136, 1137 (6th Cir. 1985). On a finding of bad faith, the bankruptcy court was empowered to dismiss their case on its own initiative. <u>See</u> <u>Hammers</u>, 988 F.2d at 35; <u>Warren</u>, 89 B.R. at 87. Their proposed Chapter 13 plan also was subject to the good-faith requirement. 11 U.S.C. § 1325(a)(3). The Beards had a full opportunity to articulate how they had complied with the Code's good faith requirement and the bankruptcy court accorded their arguments full consideration. <u>Cf. In re Omni Video, Inc.</u>, 60 F. 3d 230, 263 (5th Cir. 1995) (finding that defendants' due process rights were not violated notwithstanding defendants' argument that their counsel had been surprised by bankruptcy trustee's oral motion at hearing). We find that,

12

under the circumstances of this case, the Beards did not suffer a denial of due process.[5]

**B.    Personal Notice and Written Response**

In addition to their good-faith argument, the Beards raise two procedural issues.  They contend that, because Ouachita Valley did not serve the Beards personally with its objection to confirmation and because it did not file a written response to the Beards' objection to Ouachita Valley's proof of claim, the consolidated hearing was improper.  In light of our discussion above, we find that these two issues are moot.

The bankruptcy court's finding of bad faith and its dismissal of the Beards' case were not based on any issue raised by Ouachita Valley--either in its objection to the Beards' proposed plan or in the response offered at the hearing to the Beards' objection to Ouachita Valley's proof of claim.  Ouachita

---

[5]    We also find that the following arguments advanced by the Beards are without merit:

They contend that the bankruptcy court's denial of their request for a continuance was an abuse of discretion.  Unless good cause is shown, motions for continuance are not granted without agreement of all parties.  Bankr. W.D. La. Local Rule 2.1(J).  Ouachita Valley did not agree to a continuance; the court did not abuse its discretion.

The Beards argue that the bankruptcy court committed reversible error by denying them the opportunity to conduct discovery.  The outcome of the case turned on the issue of the Beards' good faith.  The Beards necessarily were aware of, and had access to, any information relevant to this issue.  Therefore, they had no need of discovery.

The Beards complain that the bankruptcy court denied them the opportunity to modify their proposed plan.  Such a denial is not an abuse of discretion where the court finds that a lack of good faith cannot be cured by modification.  In re Beauty, 42 B.R. 655, 657 (E.D. La. 1984), appeal dismissed, 745 F.2d 53 (5th Cir. 1984).

13

Valley's objection to the Beards' plan concerned the amount of the outstanding debt and the value of the collateral securing the debt.  At the hearing, the court addressed the issue of bad faith without prompting, and it dismissed the case <u>sua sponte</u>.  The procedural issues raised by the Beards were irrelevant to the outcome of the case.  Therefore, we need not address them.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.