Richard **BREEDLOVE**, et al., Plaintiffs,

v.

**EARTHGRAINS BAKING COMPANIES, INC. d/b/a CAMPBELL TAGGART BAKING COMPANY, INC.,** Defendant.

No. LR–C–96–549.

United States District Court,
E.D. Arkansas,
Western Division.

Feb. 10, 1997.

David Lyn Fausett, Sterling, Trumbo & Fausett, Fayetteville, AR, for Plaintiffs.

Thomas O. McCathy, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, MO, for Defendant.

## ORDER

MOODY, District Judge.

Pending before the Court are defendant's motion to dismiss (# 8) and plaintiffs' motion for partial summary judgment (# 14). For the reasons stated below, the motion to dismiss is granted (# 8).

Plaintiffs filed their complaint alleging the defendant had violated the Worker Adjustment and Retraining Act ("WARN Act"), 29 U.S.C. §§ 2101–2109 by failing "to provide written notice to each affected employee sixty (60) days in advance" of the closing of defendant's Little Rock facility. 29 U.S.C. § 2102. As damages, plaintiffs sought lost salaries, wages and benefits for each calendar day in which defendants were in violation of the notice period, prejudgment interest, costs, attorney's fees and a civil penalty of $500.00 per day for each day of the alleged violation. Defendant filed a motion to dismiss plaintiffs' complaint on the grounds that the plaintiffs were not entitled to back pay for each calendar day in which defendants were in violation of the notice period and were not entitled to a civil penalty. Plaintiffs moved for partial summary judgment on the method of calculation regarding back pay and benefits.

The issue before the Court is whether employees are entitled to back pay for violation of the notice provision of the WARN Act for each calendar day up to sixty (60) days as claimed by the plaintiffs or for only the actual working days within the sixty (60) days as claimed by the defendant.

The WARN Act provides the following:

(a) Civil Action against employers

(1) Any employer who orders a plant closing or mass lay-off in violation of section 2102 of this title shall be liable to each aggrieved employee who suffers an employment loss as a result of such closing or lay-off for—

(A) *Back pay for each day of violation* at a rate of compensation not less than the higher of -

(i) The average regular rate received by such employee during the last three years of the employees employment; or

(ii) The final regular rate received by such employee; and

(B) Benefits under an employee benefit plan described in section 1002(3) of this title, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan if the employment loss had not occurred.

*Such liability shall be calculated for the period of violation, up to a maximum of sixty days,* but in no event for more than one half the number of days the employee was employed by the employer.

... (3) Any employer who violates the provisions of section 2102 of this title with the respect to a unit of local government shall be subject to a civil penalty of not more than $500.00 for each day of such violation, except that such penalty shall not apply if the employer pays to each aggrieved employee the amount for which the employer is liable to that employee within three weeks from the date the employer orders the shut down or lay-off.

29 U.S.C. § 2104(a) (emphasis added).

The starting point in statutory construction is the language of the statute itself. *U.S. v. Bishop,* 894 F.2d 981, 985 (8th Cir., *cert. denied,* 498 U.S. 836, 111 S.Ct. 106, 112 L.Ed.2d 77 (1990)) If the language is clear and unambiguous, the inquiry is over. If, however, a statute is susceptible of more than one reasonable interpretation, then the reviewing court must look beyond the language of the statute to ascertain the intent of the legislative body. *In re Hammers,* 988 F.2d 32, 34 (5th Cir.1993).

Section 2104 of the Act addresses the damages an employer must pay if it does not give adequate notice of a plant closing. If an employer violates the notice provision, the employer must pay the employee "back pay for each day of the violation." 29 U.S.C. § 2104(a)(1)(A). What is ambiguous and subject to differing interpretations are the terms "back pay" and "for each day of the violation."

The term "back pay" suggests a lost earnings concept requiring payment of a sum that restores the employee to the position he would be in if the layoff had never occurred. The term "each day of the violation" seems to require payment for each calendar day within the violation period which would more than restore the employee to his position as if the layoff had not occurred. *See Carpenters Dist. Council v. Dillard Dep't. Stores,* 15 F.3d 1275, 1286 (5th Cir.1994), *cert. denied,* 513 U.S. 1126, 115 S.Ct. 933, 130 L.Ed.2d 879 (1995).

Circuit courts have reached differing conclusions as to the proper calculation of damages pursuant to 29 U.S.C. § 2104(a)(1)(A). The Third Circuit holds that the statute requires payment of damages based upon the number of calendar days within the violation period. *See United Steelworkers v. North Star Steel Co.,* 5 F.3d 39 (3d Cir.1993), *cert. denied,* 510 U.S. 1114, 114 S.Ct. 1060, 127 L.Ed.2d 380 (1994). The Fifth and Sixth Circuits reason than the use of the term "back pay" immediately followed by the phrase "for each day of the violation" makes the damage provision of the statute ambiguous requiring a reference to the intent of the legislature. *See Saxion v. Titan–C Manufacturing, Inc.,* 86 F.3d 553, 561 (6th Cir. 1996); *Carpenters Dist. Council v. Dillard Dep't. Stores,* 15 F.3d at 1286. The Eighth Circuit has not ruled on this precise issue.

Plaintiff urges that this Court adopt Senior District Judge Eisele's ruling that the statute is absolutely unambiguous on its face that back pay is required for "each day of violation." *See Joshlin v. Gannett River States Pub. Corp.,* 840 F.Supp. 660 (E.D.Ark.1993). Although this Court has the utmost respect for the opinions of Judge Eisele, it must disagree with the ruling in *Joshlin* and find that the statute at issue is capable of more than one reasonable interpretation for the following reasons.

At the time of Judge Eisele's opinion, all of the existing case authority supported his ruling. Since that time, two circuits have issued

contrary opinions. *See Saxion,* 86 F.3d at 561; *Carpenters,* 15 F.3d at 1286. Moreover, one of the district court opinions upon which Judge Eisele relied was subsequently overruled. *See Carpenters Dist. Council v. Dillard Dep't. Stores,* 778 F.Supp. 297 (E.D.La. 1991) *rev'd in part,* 15 F.3d 1275 (5th Cir. 1994) *cert. denied,* 513 U.S. 1126, 115 S.Ct. 933, 130 L.Ed.2d 879 (1995).

Finally, Judge Eisele based his ruling in part on his characterization of the WARN Act as a "punitive statute not a 'make-whole statute'." *Joshlin* at 663. Since Judge Eisele so reasoned, the Eighth Circuit has ruled in *Aaron v. Brown Group, Inc.,* 80 F.3d 1220 (8th Cir.), *cert. denied,* — U.S. —, 117 S.Ct. 361, 136 L.Ed.2d 252 (1996) that a state statute of limitations for penal actions was inapplicable to the WARN Act. The Eighth Circuit affirmed the lower court in *Aaron* which specifically rejected the application to the WARN Act of a statute of limitations for penal actions because, it concluded, the WARN Act did not operate as a penalty to employers and instead was remedial in nature. *Id.* Other district courts have reached a similar conclusion. *Wholesale and Retail Food Distribution Local 63 v. Santa Fe Terminal Serv.,* 826 F.Supp. 326, 330 (C.D.Cal.1993); *Solberg v. Inline Corp.,* 740 F.Supp. 680, 685 (D.Minn.1990).

Because this Court finds the statute capable of more than one reasonable interpretation, the Court must look to the legislative intent to determine its meaning.

The clearest statement made with respect to the damage portion of the WARN Act is contained in the Senate Report:

> [f]or violations of the notice provision, *damages are to be measured by the wages . . . the employee would have received had the plant remained open or the layoff had been deferred until the conclusion of the notice period,* less any wages or fringe benefits received from the violating employer during that period. This is in effect a liquidated damages provisions [sic], designed to penalize the wrongdoing employer, deter future violations, and facilitate simplified damages proceedings.

S.Rep. No. 62, 100th Cong., 1st Sess. 24 (1987) (emphasis added).

■ This Court agrees with other courts who have considered this legislative history and found that this language states unequivocally that congressional intent is that damages should be calculated by working days within the notice period and not by calendar days.

■ Plaintiffs have now conceded that defendant notified the state dislocated worker unit and the chief elected official of the unit of local government as required by the WARN Act. Plaintiffs learned of this notification through discovery and are no longer claiming a civil penalty.

Defendant contends the making of a claim for civil penalties violates Rule 11 of Federal Rules of Civil Procedure and entitles it to an award of attorney's fees. This Court disagrees and declines to award any fees to defendant. Plaintiffs complied with Rule 8 of Federal Rules of Civil Procedure in notifying defendant of all claims which they intended to assert. Upon discovering the true facts, they abandoned this claim. There is no indication of bad faith on the part of plaintiffs or their attorneys which would justify the imposition of fees or costs.

Defendant's motion to dismiss is granted (# 8). Plaintiffs, motion for partial summary judgment is denied (# 14). Plaintiffs, motion to certify class action (# 2) and defendant's motion to stay certification of class action (# 10) are rendered moot.