United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 11, 2007**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 06-10811

_____

RICHARD N ABRAMS,

Plaintiff-Appellant,

v.

UNITED STATES OF AMERICA DEPARTMENT OF TREASURY, OFFICE OF
THE COMPTROLLER OF THE CURRENCY,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Northern District of Texas, Dallas
3:05-CV-2433

_____

Before JONES, Chief Judge, and BENAVIDES and STEWART, Circuit
Judges.

PER CURIAM:[*]

This case arises from the Office of the Comptroller of the
Currency's ("OCC") investigation of Surety Bank and appellant
Richard Abrams, and concerns what is excluded from disclosure under
exemption 8 of the Freedom of Information Act ("FOIA"), 5 U.S.C. §§
552 *et seq*. Abrams challenges the district court's grant of the

---

[*] Pursuant to 5th Cir. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5th Cir. R. 47.5.4.

OCC's motion for summary judgment.  We <u>affirm.</u>

I. <u>FACTUAL BACKGROUND AND PROCEDURAL HISTORY</u>

The OCC is the bureau of the Department of Treasury that supervises and regulates banks organized under the National Bank Act.  In January, 2005, the OCC conducted a regularly scheduled examination of Fort Worth, Texas-based Surety Bank.  It discovered, among other irregularities, that the bank had not charged Abrams, the bank's former Chairman and CEO,  the normal transaction fee for executing wire transfers.  The OCC prepared an examination report ("the Report") in March, 2005, notified Abrams that it was conducting a formal investigation of  him, and issued an Order of Investigation ("the Order") on June 9, 2005.  Under the OCC's regulations, the Order, as well as any materials developed in connection with it, is confidential.

Abrams requested a copy of the Order in July, 2005, and the OCC denied his request.  On August 2, 2005, Abrams filed a formal request for a copy of the Order pursuant to the FOIA.  The OCC again denied his request, stating that the Order is exempt from the FOIA's production requirements.  Abrams formally appealed the OCC's denial, and on November 18, 2005, the OCC denied his appeal on the basis that the Order is excluded from production under exemption 8. 5 U.S.C. § 552(a)(4)(B).[1]  This lawsuit followed, the case was

_____

[1] Abrams had the opportunity to review the Order, without copying it, during a deposition taken by the OCC on August 16, 2005.  The OCC is required to show an order of investigation to any person from whom it requests or compels testimony during the course

2

referred to a magistrate judge, and the OCC moved for summary judgment. After inspecting the Order *in camera*, the magistrate judge concluded that the motion for summary judgment should be granted because the Order is related to the Report, thus falling within the scope of exemption 8. The district court adopted the magistrate judge's report, granted the motion for summary judgment, dismissed the case, and entered final judgment. Abrams appeals.

II. <u>STANDARD OF REVIEW</u>

We review the district court's grant of summary judgment *de novo*. *Shell Offshore Inc. v. Babbitt*, 238 F.3d 622, 627 (5th Cir. 2001). "Summary judgment is appropriate if the record shows 'that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.'" *Id*. (quoting FED. R. CIV. P. 56(c)).

III. <u>DISCUSSION</u>

Courts must narrowly construe FOIA exemptions in favor of full disclosure. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976); *Fed. Labor Relations Auth. v. United States Dep't of Def*., 975 F.2d 1105, 1111 (5th Cir. 1992). When interpreting a statute, the "plain meaning" of the statute binds a court. *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989).

The FOIA requires government agencies to disclose documents, unless the agencies can demonstrate that the documents at issue

of a formal investigation. 12 C.F.R. § 19.183(a).

3

fall within the scope of one of the nine exemptions enumerated in § 552(b) of the FOIA. Exemption 8 provides that the FOIA does not apply to "matters that are . . . contained in or related to examination . . . reports prepared by . . . or for the use of an agency responsible for the regulation or supervision of financial institutions." 5 U.S.C. § 552(b)(8). Abrams argues that the district court erred in finding that the Order falls within the scope of Exemption 8.

First, Abrams argues that it is not enough that the Order is related to the Report, and that instead, a direct connection must be shown between the contents of the Report and the contents of the Order. This argument, however, runs afoul of the admonition that courts "not look beyond the words of a statute if those words are rational and unambiguous." *In re Hammers*, 988 F.2d 32, 34 (5th Cir. 1993). The statute never mentions contents, and only requires that a matter be related to the Report in order to be exempt from production. *See Consumers Union of United States, Inc. v. Heimann*, 589 F.2d 531, 532–33 (D.C. Cir. 1978) (finding that exemption 8 excludes documents "relating to the extent of compliance" by national banks with Consumer Credit Protection Act from disclosure).

If Congress meant to require a direct connection between the matter exempted and the Report, it could have easily accomplished that by specifying as much. *See, e.g.*, 7 U.S.C. § 6311 (e)(2)(B)

4

(specifying no disclosure of certain financial information unless "directly related" to certain matters). Therefore, we only need to find that the Order was related to the Report. In addition to the magistrate judge's *in camera* review of the Order, the OCC's sworn affidavit and the chronology of the investigation support such a finding.

Abrams also argues that the term "matters" cannot mean "documents," and instead must solely mean "information," because it is factually impossible for a document to be "contained in" a report. Exemption 8, however, only requires that the matters be "contained in *or* related to" the Report. (emphasis added). The presence of the conjunction "or," instead of "and," suggests that Congress meant "matters" to be a flexible term that can include both documents and information. Abrams' other arguments are similarly unavailing.

Abrams argues that the district court erred by broadly interpreting "examination report" to not only include the physical report, but also the period of examination. However, we find no such interpretation in the court's opinion. Abrams also argues that other federal banking agencies' policies of disclosing similar investigative orders contradict the district court's holding, but those policies only attest to the discretion that the FOIA affords to individual agencies. Similarly, Abrams argues that the district court should have required that the OCC redact any confidential

information and disclose the remaining, non-exempt Orders. Under exemption 8, however, the *entire* Order is rendered confidential.

Finally, Abrams argues that the district court abused its discretion by not conducting *in camera* review of the OCC's Report in conjunction with the Order. As stated above, however, exemption 8 does not require a direct relationship between the two documents. The court inspected the Order, and had ample other evidence that the two documents were related, including the OCC's affidavit and other information concerning the examination and its discoveries. The court did not abuse its direction by not also inspecting the Report *in camera.*

IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's judgment.